Ruffin, C. J.
 

 It has been usual for the officers of the court to indulge the successful'party for his costs, until a return of his execution therefor against the party cast. If raised on that execution, the officers, instead of the party, receive them, and thus the matter is settled. But it is clear, that every parly may be required to pay his own costs as they are incurred, or at any time when demanded. It is in-. .cident to every court to have a jurisdiction oyer its suitors
 
 *132
 
 and officers, to regulate the taxing and payment of the proPer costs 5 anc^ f°r purpose to make rules on those persons and enforce them by attachment. This is most usually done, when the officers have charged and levied more or higher fees than they ought to have done. But it maybe done as properly, wheu the party owing the costs to the officers fails to pay them. In this State it has not been the course to proceed by rule and attachmentTor his own costs, because, after judgment, a milder method by execution was given by statute. The act of 1784, Rev. Stat. c. 105, s. 24, is express, that where suits are determined and fees ate not paid by the party from whom they are due, the clerKmay issue execution for them. In
 
 Lockman’s
 
 case, 1 Dev. 146, it is true, the execution against the successful party was not moved for, until a return of
 
 nulla ~bona
 
 on a against the party cast. But the court there said, in so many words, that the party is
 
 at all times
 
 answerable for his own costs ; and execution was awarded against the party, who had gained the suit, for his own costs. So, we think, it must be here. The judgment is therefore reversed, and the rule must be made absolute as moved for by the clerk; and this certified to the court below.
 

 Per Cueiam, Ordered accordingly.