WILLIAM H. FULTON *v.* JOHN LOFTIS.

A bill for the rescission of a contract on account of fraud perpetrated *after* the contract is made, will not be entertained; *therefore,*

A bargainor of land is not entitled to such relief in a case where he alleged that some years after the contract had been made, the bargainee, having asked for them upon a pretence of calculating interest, put the notes for the purchase money into his pocket, at the same time drawing a pistol and telling the bargainor not to follow him.

(*Addington* v. *McDonnell, ante,* 389 cited and approved.)

BILL, set down for hearing upon pleadings and proofs, at

Spring Term 1868 of the Court of Equity for BUNCOMBE, and by consent transferred to this Court.

The plaintiff alleged, that in 1859, he contracted to sell a tract of land to the defendant, at the price of $412.50, for which he took two notes of the defendant, payable in one and two years, and executed a bond to make title when the purchase money was paid, and that the defendant was put into possession ; that afterwards, in 1865, the defendant, on the pretence of calculating the interest, induced the plaintiff to let him take the notes into his hands, whereupon he put them into his pocket, pulled out a pistol, and walked off, telling the plaintiff not to follow him. The bill admits a payment of $100 in Confederate notes, in 1863.

The prayer is for a decree rescinding the contract; an account of the rents and profits; and that the defendant be also decreed to give up possession.

No counsel for the plaintiffs.

*Merrimon, contra.*

PEARSON, C. J. The plaintiff has misconceived his remedy. When a contract is obtained by fraud or duress, a Court of Equity will entertain a bill for its rescission; but the plaintiff must allege that he was induced to enter into the contract, by reason of such fraud or duress. A bill for rescission on the ground of fraud or duress prepetrated *after* the contract is made, is one of the first impression, and there is no principle upon which it can be maintained. The question is too plain to allow of discussion: *Addington* v. *McDonnell*, at this term.

The plaintiff having the legal title, may take possession, and thus force the defendant to file a bill for a specific performance, when the plaintiff may rely upon the alleged fraud, or duress, as a ground to induce the Court to refuse to entertain the bill; or the plaintiff may file a bill for specific performance, and ask for a reference as to the amount of the purchase-money remaining unpaid, and thus bring up the ques-

FULTON *v.* LOFTIS.

tion, as to the manner in which the defendant obtained possession of the notes, and thus the controversy may be settled. But as we have seen, the idea of a decree for rescission, for matters occurring six years after the contract was made, and after it has been in part performed, is out of the question.

Let the bill be dismissed, but without costs as to the defendant Loftis.

PER CURIAM.                                    Bill dismissed.