J. N. CLEGG, Executor of JAMES CLEGG, Deceased *vs.* THE NEW YORK WHITE SOAP STONE COMPANY.

1. Before this Court can vacate a judgment on the grounds of excusable neglect under C. C. P., sec, 133, it is the duty of the Judge of the Superior Court to find the facts as they should be set out in a special verdict.

2. In cases arising under the new system, issues of fact cannot be heard before this Court and it can only review the law which His Honor below applies to the facts as found by him.

*Hudgins* v. *White*, 65 N. C. 393, *Powell* v. *Weith*, at this Term, cited and approved.

Motion to set aside a judgment rendered in the Superior Court of Chatham County, heard before Tourgee, Judge, at Fall Term, 1871, of Chatham Superior Court.

The action was brought to Fall Term, 1870, of Randolph Superior Court, when the plaintiff filed his complaint, and in

the affidavit of plaintiff's attorney he says he gave the defendant until 4th March, 1871, to file an answer to said complaint.

The attorney of defendant made affidavit that the defendant was a non-resident of the State, and that service of summons in the case was made by publication, and that he was retained by the regular attorneys of defendant, resident in this State, to procure a copy of the complaint, and furnish the same to said attorneys. That he did not furnish any copy to defendants regular attorneys until the latter part of April, 1871, when plaintiff's attorney gave affiant a copy, which was duly mailed.

The regular attorneys of defendant made affidavit that they had mistaken the time when Chatham Superior Court was held, and by reason thereof the answer of defendant had been delayed and was not filed in the case till the second week of the Spring Term, 1871, of Chatham Superior Court, when said Court had adjourned, having during the term rendered a judgment against defendant. They further declared that defendant had a meritorious defense as they were informed-

His Honor, upon consideration, adjudged that the motion of defendant be denied and that he pay the costs, from which judgment the defendant appealed.

*H. A. London* for plaintiff.
*No Counsel* for defendant.

READE, J.  In an application to a judge or to the Court below, to vacate a judgment under *C. C. P. Sec.* 133, for excusable neglect, &c., it is the duty of the Judge : first, to find the facts, as they would be set out in a special verdict, and then to declare the law upon the facts. When this is done and there is an appeal to this Court, we take the finding of the facts by His Honor as conclusive ; and we review his opinion and judgment as to the law. Because, whether a given state of facts constitutes excusable neglect, &c., under the Code, is a ques-

tion of law. But if His Honor does not find the facts and set them forth, how can we declare the law ? Nor is it sufficient that His Honor should state the *testimony*, for, as in this case, that may be often conflicting, and we are incompetent to try the facts, but he must weigh the testimony and eliminate the facts, and set them forth.

In this case, His Honor set forth no facts. but has simply stated his conclusion of law.

It, is, however, insisted that it ought to be presumed, that His Honor found such a state of facts. as would justify his conclusion of law. This would be the same as to say that His Honor could not err in his conclusion of law upon a given state of facts, and would make his judgment final. For, we repeat, how can we determine whether his law is right, unless we know the facts? *Hudgins* v. *White, et al*, 63 N. C. R. 393, *Powell* v. *Weith*, at this term.

There is error. Let this be certified to the end that His Honor may find the facts, &c.