The action was brought by plaintiffs, administrators of John A. Johnson, against the defendant as administrator of B. Pattershall, to recover the sum of $225 and interest from 16 February, 1857, covenanted to be paid by the intestate of the defendant. Defendant pleaded, among other things, retainer and no assets. By order of the Court, there was a reference to the clerk "to take and state an account of the defendant as administrator, etc." A report was made, and exceptions filed. At Spring Term, 1872, his Honor rendered judgment (454) as follows: "This cause being brought on before his Honor A. W. Tourgee, etc., upon the report of the commissioner and exceptions, which exceptions are in the following words: That he is not charged with the amount of the note of $700, subject to a credit, etc., and the proceeds of which should have been assets, etc.; that he is not charged with a note of $433, principal, signed, etc. That said exceptions be in all things sustained." There was no further finding of facts, and the judgment rendered is given as above. The defendant excepted to the said ruling and decision of the Court, and appealed to the Supreme Court. *Page 330 
The plaintiff sought to charge the defendant with two notes, which he alleged belonged to the estate of his intestate, and which defendant had failed to collect and lost through negligence. It was referred to a referee to report upon the facts relating to the notes; he reported that they did not belong to the estate of the intestate, and that the defendant had not been negligent in respect thereto. The plaintiff excepted to the report, and his Honor sustained the exceptions, thereby holding that the defendant is chargeable. But his Honor finds no facts, and therefore does not separate his conclusions of law from the facts found, as he is required to do by C. C. P., secs. 241, 242.
The jurisdiction which is given to this Court by the Constitution is appellate, upon any matter of law or legal inference. It says, that no issues of facts shall be tried before it. Art. IV, sec. 10. In Heilig v.Stokes, 63 N.C. 612, this Court held that the phrase "issues of fact," was a technical one, and must be understood in its legal, technical (455) sense, as including only such issues as were joined on the pleadings, and did not forbid the Court to decide questions of fact which arose incidentally upon motions; at least, not in cases where the decision, though final for the purposes of the motion, did not conclude the rights of the parties, as on motions to grant or vacate injunctions. The questions of fact, which incidentally arise upon exceptions to an account, differ a little in their nature from those upon a motion to grant or vacate an injunction, as the decision upon them is necessarily final for the purposes of the action. But we think that this Court has never decided that it was prohibited from reviewing the finding of a Judge of a Superior Court in such a case. We should be very reluctant so to decide, as it is difficult to conceive that the law of North Carolina ever intended to confer on a single Judge the vast and dangerous power of deciding all questions of fact so arising, without responsibility, and without liability to review or correction, even in cases of plain and evident mistake. No question as to the power of the Court in this respect occurs in this case, and these observations are only made here, to show that the point is at least an open one.
This Court, however, has several times said that it would not try any such question of fact, except it had been found in one or another way by the Judge below; and upon appeal. Clegg v. Soapstone Co., 66 N.C. 391. The reason is obvious; the jurisdiction of this Court is appellate, and can be exercised only after a finding below.
This Court has a plain and undoubted power to review the decision *Page 331 
of a Judge of a Superior Court, on any matter of law or legal inference. But this power can not be exercised unless the facts found and the conclusions of law thereon are separately stated. It is impossible to review a mixed conclusion of fact and law; because, whether the law is right or wrong, depends entirely on the facts to which it is applied.
Nor, as was said in Clegg v. Soapstone Co., is it allowable to assume that the Judge found such facts as would support his conclusions of law; for in that case the Judge would always (456) be right. The judgment below is reversed; and the case remanded, in order that his Honor may state separately the facts relating to the subject of the exceptions, and his conclusions of law thereon, and that the case may be further proceeded in according to law.
The defendant will recover costs in this Court.
PER CURIAM. Reversed.
Cited: Keener v. Finger, 70 N.C. 43; Sheppard v. Bland, 87 N.C. 165;Pasour v. Lineberger, 90 N.C. 163; Mining Co. v. Smelting Co., 99 N.C. 464;Harvey v. R. R., 153 N.C. 574.