WILLIAM S. JOHNSON *v.* JOSEPH DUCKWORTH.

The judgment of the Superior Court, upon the facts relied upon to sustain a motion under section 133, C. C. P. to set aside a judgment, as to the truth of such facts, is final. The judgment, as to their sufficiency in law, is subject to review.

(*Griel* v. *Vernon*, 65 N. C. Rep. cited and approved.)

CIVIL ACTION, for the recovery of the value of certain cattle, tried before *Watts, J.,* at Fall Term, 1874, of HENDERSON Superior Court.

The material facts of the case are fully set forth in the opinion of the Court.

On the trial below, the plaintiff had judgment, from which the defendant appealed.

*M. E. Carter*, for appellant.
*J. H. Merrimon*, contra.

SETTLE, J. This was a motion by the defendant to set aside a judgment, under the 133d section of the Code of Civil Procedure, which authorizes the Judge "at any time within one year, after notice thereof, to relieve a party from any judgment, &c , taken against him, through his mistake, inadvertence, surprise, or excusable negligence, &c. His Honor has found the facts relied upon by the defendant to constitute his excuse, and this Court has said in *Griel* v. *Vernon*, 65 N. C. Rep., 76, that his decision on this point is final. But he has also declared that the facts found by him do not in law constitute a sufficient excuse. This is a question of law and his ruling upon it may be reviewed. What are the material facts? The defendant being sued at Spring Term, 1874, of Henderson Superior Court, applied to an attorney of said Court to draw his answer, but the attorney so applied to being sick, procured his law partner, who resides within a few miles of the county seat of Henderson, to draw and file defendant's answer, which was verified by the defendant, but not signed by the counsel.

At the trial term, the original counsel of the defendant, who had been in the habit of regularly attending said Court, was not present, and no reason was given for his absence, but his partner, who filed the answer and who also was a regular attendant of said Court, was at home sick and thereby prevented from attending Court. His Honor was informed that the answer was in the handwriting of said counsel and that he was at home sick, and desired that the case might be left over. The defendant was ignorant of the sickness and absence of his

counsel and was himself absent for the first three days of the term, in consequence of the failure of an agent of a railroad to furnish transportation for some cattle, as he had stipulated to do. But having returned without farther loss of time than was occasioned by the mismanagement of the road, he finds that his case has been tried in the absence of his counsel, and immediately employs new counsel and gives notice of his intended motion to set aside the judgment which has been taken against him.  These facts, as remarked by his counsel, make a stronger case for the defendant than the facts do in *Griel* v. *Vernon, supra,* where the Court says " in this case the party retained an attorney to enter a plea for him; that the attorney should fail to perform an agreement to do such an act as that, we think may fairly be considered a surprise on the client, and that the omission of the client to examine the records in order to ascertain that it had been done, was an excusable neglect."  But the counsel for the plaintiff contended under the authority of *McCulloch* v. *Doak,* 68 N. C. Rep., 267, that the defendant was not entitled to the relief sought, because the 133d section of the Code of Civil Procedure refers to judgments rendered at a preceding term, and does not relate to what took place at the trial term.  In that case the defendant's counsel moved at the trial term to vacate the judgment because his Honor had charged the jury, that the defendant, who was a witness for himself, had testified to a certain state of facts, when the witness alleged that he had testified or intended to testify to a different state of facts.  The Court say that section 133 has no application to such a case, and we now re-affirm that decision. · But his Honor who delivered that opinion adds an expression which was not called for by the case, and hence is of no binding authority.  If a judgment may be set aside " at any time within one year after notice thereof" for any of the causes specified in the 133d section of the Code, what inconvenience can arise from hearing and deciding the motion to set aside at the term in which the judgment is rendered ?  The reason assigned is, that no judgment is rendered until all the ques-

tions raised at the term have been decided. But this reason is not satisfactory; on the contrary, if a judgment may be set aside at any time within one year after notice thereof, *a fortiori,* it may be done at once.

We have noticed this point at length because it was pressed upon the argument, but in point of fact it does not appear from the record that the motion was heard and determined during the term at which the judgment was rendered; on the contrary, the case made for the Supreme Court states that the motion to set aside was "heard before his Honor at Chambers, on the Fall circuit, 1874." It is true the notice of the motion was given in open Court, but it does not appear from the case made for this Court, that it was ever heard and determined in Henderson county. And notwithstanding his Honor remarked in open Court, that the defendant's attorney could make the motion before Judge HENRY, as he did not wish to be bothered with the case any more, still it does appear that he submitted to be bothered with it somewhere on the circuit, at Chambers, and treated it as a motion made under the 133d section of the Code, but denied the relief because he did not think the facts constituted a legal excuse, in which ruling we do not concur.

Judgment reversed and case remanded.

PER CURIAM.                          Judgment reversed.