J. M. ANDREWS and others v. ELI WHISNANT.

*Certiorari—Appeal—Clerk's Fees.*

A *certiorari* will not be granted where it appears that the petitioner lost
his appeal by reason of his failure to comply with a demand for pay-
ment of clerk's fees for making out the transcript; nor, where he
failed to attend to the same from the rendition of the judgment ap-
pealed from in August to the beginning of the next term of the su-
preme court in January, or during its sitting at said term.

(*Martin* v. *Chasteen*, 75 N. C., 96; *Office* v. *Lockman*, 1 Dev., 146, cited
and approved.)

PETITION by defendant for *Certiorari*, and *Supersedeas* heard
at June Term, 1880, of THE SUPREME COURT.

Mr. *W. J. Montgomery*, for plaintiff.
Messrs. *Hoke & Hoke*, for defendant.

DILLARD, J. A judgment for the recovery of a tract of
land was obtained by plaintiff against the defendant at a
special term of the superior court opened and held for the
county of Rutherford in August, 1879, from which, the de-
fendant says in his motion, he prayed an appeal which was
granted, and that he filed bond according to law.

Defendant represents that he forwarded to the clerk of
this court one dollar, the fee required in order to have his
case docketed here, and that having done all things neces-
sary to bring up the case, he confidently expected the ap-
peal to be constituted in this court at the last term, but this
not being done, the appellee procured a transcript and filed
the same and he had the appeal on his motion dismissed,
and now is threatening to turn him out of possession under
an execution.

The prayer of the petitioner is for a writ of *certiorari* to

bring up the appeal in the nature of a substitute for appeal and for a *supersedeas* to the execution in the mean time.

Upon the petitioner's own showing he was inattentive to the prosecution of the appeal, and he furnishes no sufficient excuse for his laches.

From the rendition of the judgment in August to the beginning of the next term of this court in January, petitioner looked not after his appeal at all, and by way of excusing himself and putting the blame upon the clerk, he shows by the affidavit of the clerk that he made out the transcript and demanded his fees therefor, of which his counsel had notice, and that the appeal papers were not sent on for the reason that his fees were not paid.

The excuse given in our opinion makes the laches more inexcusable. The act of 1868–69, ch. 279, in what is put down as chapter I of chapter 279, introduces new sections 555 and 561 into Title 21 of the Code of Civil Procedure, and therein the clerk is expressly authorized to demand his fees in advance, and if not then paid, then it is provided that he may on motion have judgment for the same. And thereafter in other subdivisions of said chapter follow specifications or schedules of the fees to be taken by him and the other officers in said act mentioned. And then comes the act of 1870–71, ch. 139, whereby new schedules of fees are prescribed which are the same that are brought forward in Battle's Revisal, ch. 105, and in the 16th section of the act the whole of Title 21 of C. C. P. on the subject of fees, as well as all other acts prescribing the fees allowed to be charged, are repealed, but chapter I of chapter 279 of laws of 1868–69 is expressly left unrepealed and in full force.

The effect of this legislation is that the clerk had a right to demand his fees for making out the transcript at the time he performed the service, and herein it was but the embodiment in a statute of that right which he before had according to the decisions upon this subject. In *Martin* v. *Chas-*

*teen,* 75 N. C., 96, this court, in considering the question of the obligation of the clerk here to render services gratuitously to an appellant allowed to appeal as a pauper, held he was not bound to do so, and in speaking on that subject RODMAN, J., says, " an·appellant who has given an undertaking is not entitled to the gratuitous services of the officers of the court, but must pay for them as he procures them if the officers demand it." And to the same effect was the law held to be in *Office* v. *Lockman,* 1 Dev., 146, in which case the court, admitting the practice to be for the clerk to wait for his fees until the end of the suit and the collection of the same under execution against the party cast, held that a party strictly speaking was answerable at all times for his costs.

It is entirely reasonable in itself for the clerk to have the right to demand payment of his fees for the service of making out a transcript for the defendant, for the appeal bond given was no security to the clerk, and if the clerk was obliged to perform the duty and wait until the end of the litigation for his fees, and take on himself the risk of the party's solvency, it would result in. making the office of clerk so unremunerative that no fit person could be found to have it.

We think, then, that the demand of simultaneous payment of the fees by the clerk was proper in him, and the plaintiff being notified thereof, as we are to take it he was, from the fact that he does not negative such knowledge, it was great negligence in him not to pay the fees or otherwise so to arrange as to have the appeal papers to come forward.

The defendant not only was negligent in the respect above mentioned, but he gives no account of his failure to look after his appeal here during the January term of this court, extending through two months on the first call of the docket, and some two weeks more on the second call, during

which time the petitioner, with ordinary care for his interests, could have known that his case had not been sent up.

Under the circumstances, the laches of petitioner is inexcusable and his application for *certiorari* and *supersedeas* must be refused.

·PER CURIAM.                              Motion refused.