HENRY SHEPPARD and others v. THEOPHILUS BLAND.

*Executions—Purchaser—Notice—Order taxing Costs.*

1. This case is remanded for additional findings of fact.

2. An execution under which a stranger purchases, will not ordinarily be set aside upon the ground of irregularity, unless the purchaser has actual notice of such irregularity.

3. Every execution presupposes a judgment, and the right to issue the one implies the existence of the other ; and an order taxing the costs of action against a party, in favor of the officers of the court, is in effect a judgment. Rev. Code, ch. 102, § 24.

(*Foushee* v. *Pattershall*, 67 N. C., 453 ; *Clegg* v. *S. S. Co.*, 66 N. C., 391; *Powell* v. *Weith*, *Ib.*, 423; *Clerk's Office* v. *Allen*, 7 Jones, 156, cited and approved.)

MOTION to set aside an execution heard at Fall Term, 1881, of PITT Superior Court, before *Shipp, J.*

In 1867, Theophilus Bland instituted an action in the superior court of Pitt county against C. J. O'Hagan and others, which pended until spring term, 1870, when it was brought to trial and a verdict rendered in favor of the defendants, and thereupon it was adjudged that the defendants recover of the said plaintiff and his sureties on the prosecution bond the costs of the action. There was an appeal to the supreme court where the judgment of the superior court was affirmed, and at fall term, 1870, of this latter court the following judgment was signed by the presiding judge : " Judgment in pursuance of the decision of the supreme court against the plaintiff for the costs of this suit."

At the same term there was spread upon the judgment docket of said court what purported to be a judgment in favor of the "Clerk's office against Theophilus Bland," wherein was an itemized statement of the amounts due the officers of the court from the said Bland, amounting to $21.35. Under this judgment executions were several times issued and returned without sale, until June 7th, 1880, when an execution issued and the sheriff returned thereon that he had sold the land of the said Bland thereunder to Harry Skinner, as the last and highest bidder.

On the 10th day of September, 1880, the defendants in said execution gave notice to the clerk of the superior court for Pitt county, and to Messrs. Latham & Skinner, attorneys at law, that he should move the court, at its ensuing term, to set aside and cancel the execution under which the land had been sold, and which purported to have been issued on the 7th June, 1880, " upon the ground, amongst others, that the pretended judgment was dormant and had never. been docketed."

At spring term, 1881, Harry Skinner, as the purchaser of the land, is allowed to intervene and oppose the motion to set aside the execution, and at fall term of that year both parties filed affidavits and introduced much evidence before His Honor Judge Shipp, then holding the court, who after considering the same, found the following facts :

1. That at fall term, 1870, of the superior court of Pitt county, a judgment was rendered in favor of the officers of the court against Theophilus Bland for $21.35 which with the accruing costs to spring term, 1880, amounted to $24.50.

2. That said judgment was duly docketed at fall term, 1870.

3. That executions issued thereon from time to time which were returned unsatisfied.

4. That an execution issued from spring term, 1880, returnable to fall term of the same year, by virtue whereof

the sheriff after due advertisement sold a tract of land belonging to Bland to said Skinner as the last and highest bidder and made him a deed therefor.

5. That the said Bland had notice of the issuing of the several executions from time to time under said judgment.

Thereupon it was adjudged that the motion of the defendant Bland to set aside the execution be dismissed, and from this judgment the defendant appealed.

*Mr. W. A. Moore*, for plaintiffs.
*Messrs. Strong & Smedes*, for defendant.

RUFFIN, J.    After much consideration bestowed upon this cause, rendered exceedingly difficult by reason of the cumbersome and illegible record which accompanies it, we feel ourselves constrained to remand it to the end that additional facts may be ascertained and the conclusions of law declared thereon.

The jurisdiction of this court is purely an appellate one, to be exercised only after the court below has passed upon all the facts essential to a proper settlement of the contention between the parties, and found them to be one way or the other, and thereupon, separately, declared the conclusions of law.    *Foushee* v. *Pattershall*, 67 N. C., 453.    And, except as regards some interlocutory orders, such as granting injunctions, the appointment of receivers and the like, the facts as thus found are concluded, so far as we are concerned.    *Clegg* v. *Soap Stone Co.*, 66 N. C., 391; *Powell* v. *Weith, Ib.*, 423.

In the notice of his motion given by the defendant, Bland, to the officers of the court, the dormancy of the judgment is especially assigned as one of the causes why the execution in question should be recalled and cancelled, and we can see from the statement of the case, and the character of some of the evidence which accompanies it, that the

point was in fact made before His Honor, and still, he wholly omits to make any finding in regard thereto, or to declare his opinion of the law upon it.

We are not at liberty to assume, from the fact that His Honor declined to grant the motion, that he found the fact to be that the judgment was not dormant, for as was said in *Foushee* v. *Pattershall,* that would be to supply by intendment just the facts necessary to support the judge's conclusions, and would of course render it impossible in any case to assail his judgment successfully.

It is said, however, that admitting the judgment to have been dormant, and that the execution had issued irregularly, it still ought not to have been set aside to the prejudice of Skinner who had acquired rights under it, and had been allowed to intervene for their protection. There lies the very difficulty in the case, and renders more apparent the necessity for additional findings. We are completely in the dark as to the grounds upon which His Honor's refusal to recall the execution proceeded—whether because the judgment was not in fact dormant, or whether because Skinner had acquired interests under it. Indeed as to this latter matter there is no finding at all, nor as to the extent to which he had knowledge of the irregularities connected with the issuing of the execution (if such there were) and while it is true, ordinarily, that a court will not set aside an execution under which a stranger has purchased, merely upon the score of its being irregular, still if the purchaser have actual notice of the irregularity, then he can no more shield himself under it than can the plaintiff at whose instance it issued.

The judgment below is reversed, and the cause remanded to the end that the court may find the facts more fully and state its conclusions of law thereon, and that the cause may be proceeded with according to law.

Before parting with the case, however, there is one point

made by counsel for defendant which we deem it best to decide now, as we may thereby remove an obstacle in the way of another trial. As we understand the counsel, he insists that what purports to be a judgment in behalf of the office against Bland, is in fact no judgment, such as could be docketed and thereby made to become a lien on the defendant's lands. We cannot take this view of it. The statute (Rev. Code, ch. 102, § 24,) provides that when suits are determined and the fees due to officers are not paid by the party for whom services have been rendered, the clerks of the courts shall issue executions therefor to the sheriffs, who shall levy them as in other cases, and that to said executions shall be annexed a bill of costs written, so as plainly to show each item of costs, &c. Now, every execution presupposes a judgment of some sort, and the right given to issue the one implies the existence of the other.

In *Clerk's Office* v. *Allen*, 7 Jones, 156, a similar objection seems to have been taken, and it was held that while strictly not such a judgment as would be rendered between parties in an adversary suit, it was still such an order as every court has a right to make to enforce the taxing and payment of costs due to officers and witnesses, and we can see no good reason why such a judgment, more than any other, should be deprived of the security to be acquired by being docketed—and it fully answers all the purposes of the statute to enter upon the docket all the items of the costs, so as plainly to show on what account they are taxed.

Our conclusion therefore is the same as found by His Honor below, that there was a judgment rendered against the defendant and in favor of the officers of the court at fall term, 1870, and that the same was then docketed and became a lien upon all the lands of the defendant within the county. Let this opinion be certified.

Error.                                                  Reversed.