STATE v. ISAAC WALLIN.

*Costs of Prosecution, not a debt—Liability of Defendant for Costs of his own Witnesses.*

1. The "costs of prosecution" are those incurred in the conduct of the prosecution, and do not include the costs incurred by defendant in resisting the prosecution.

2. Where a defendant is taxed with the costs of prosecution, a witness, though summoned by the defendant and examined in his defence, has no right to have his ticket for attendance allowed in the bill of costs.   It is a personal

debt of the defendant, the payment of which the witness may enforce by suing out execution in the cause.

3. But costs of prosecution against a prosecutor (upon acquittal of the accused or *nolle prosequi* entered), or against the accused upon a verdict of guilty, or a fine imposed, does not constitute a debt within the meaning of article one, section sixteen, of the constitution, and hence the defendant may be imprisoned for non-payment of the same.

(*State* v. *Manuel*, 4 Dev. & Bat. 20; *State* v. *Cannady*, 78 N. C., 539; *Collins* v. *Jones*, 3 Hawks, 25; *Office* v. *Taylor*, 1 Dev., 99; *Office* v. *Allen*, 7 Jones, 156; *Office* v. *Huffsteller*, 67 N. C., 449; *Office* v. *Lockman*, 1 Dev., 146; *Office* v. *Wagoner*, 4 Ired., 131; *Sheppard* v. *Bland*, 87 N. C., 163, cited and approved).

APPEAL from an order made at Spring Term, 1883, of BUN-COMBE Superior Court, by *Avery, J.*

The defendant and one Myers, after being tried and convicted of an affray in the inferior court of Buncombe, were adjudged to pay the costs of the prosecution and a fine of five dollars each. The judgment was afterwards, during the term, suspended as to the fine upon payment of the costs of the prosecution.

A witness, who had been summoned by the defendant and examined in his defence, had proved and filed his ticket with the clerk, and the charge was in the bill of costs. Before the bill was approved, the defendant paid all the costs except that due this witness, and moved for his discharge from the custody of the sheriff, to whom he had been committed. The court denied the motion and ruled that the amount due the witness was part of the costs of prosecution, upon the payment of which, and not before, the defendant was entitled to his discharge.

Upon his appeal to the superior court, the ruling in the inferior court was affirmed, and from this judgment the defendant appealed to this court.

*Attorney-General,* for the State.
*Mr. F. A. Sondley,* for the defendant.

SMITH, C. J.   We are clearly of opinion that the costs of the prosecution, devolving upon the accused in case of conviction, and for which he may be committed to the custody of the sheriff, are such only as were incurred in the conduct of the prosecution and making it effectual in a verdict.   Those are not included which the defendant incurred in resisting the prosecution and defending himself from the criminal charge.   Such costs are personal to himself, and he, when found guilty, must provide for their payment.   This is the obvious sense in which the term is used in the statute when the successful party recovers costs—that is, his costs against the other.   THE CODE, §§739, 740, 737, 875, 1204, 1211.

For then, when adjudged against the prosecutor when the prosecution terminates in a *nolle prosequi*, acquittal or arrest of judgment, or against the accused when it terminates in a verdict of guilty, either party may be put in the sheriff's custody until the costs are paid or he discharged according to law.   THE CODE, §738; *State* v. *Manuel*, 4 Dev. & Bat., 20; *State* v. *Cannady*, 78 N. C., 539.

These charges do not constitute a *debt* within the meaning of the clause in the constitution for which imprisonment is forbidden (Art. I, §16), but are in the nature of a penal infliction, punitory in character and purpose, as is a fine imposed upon one found guilty of crime.

The liability of a person for his own costs is a mere indebtedness which may be enforced by execution sued out in the cause, but for which he cannot be imprisoned.   *Collins* v. *Jones*, 3 Hawks, 25; *Officers* v. *Taylor*, 1 Dev. 99; *Clerk's Office* v. *Allen*, 7 Jones, 156; *Clerk's Office* v. *Huffsteller*, 67 N. C., 449; *Superior Court Office* v. *Lockman*, 1 Dev., 146; *The Clerk of Davidson County Court* v. *Wagoner*, 4 Ired., 131; *Sheppard* v. *Bland*, 87 N. C., 163; Rev. Code, ch. 102, §24.

The three last cases directly sustain the proposition that execution may issue against a party for his own costs, and even when he has recovered them against an adversary whose insolvency prevents the collection of the money from him.

There is error in the ruling of the superior court, and it is reversed. Let this be certified.

Error.                                                                Reversed.