REBECCA MORRIS v. JOHN R. MORRIS.

*Costs—Undertaking on Appeal.*

1. The undertaking for costs, required on appeal, is to secure the costs of the appellee; therefore, the surety is not liable for the appellant's costs, where the judgment is reversed.

2. Each party may be required by the clerk to pay his costs when they are incurred. When this is not done, the clerk must look only to the party incurring them, except when the appellee recovers costs, in which case the surety on the appeal bond is liable.

(*Clerk's Office* v. *Lockman*, 1 Dev., 146; *Clerk's Office* v. *Huffsteller*, 67 N. C., 449; *Shepperd* v. *Bland*, 87 N. C., 163, cited and approved).

MOTION by the surety on an undertaking on appeal to recall an execution, heard at February Term, 1885, of the Supreme Court.

No counsel for the plaintiff.
*Messrs. Graham & Ruffin,* for the defendant.

MERRIMON, J. The defendant appealed from the judgment of the Superior Court of Orange county to this Court. This Court decided that there was error, and directed the judgment to be reversed in the court below, and gave judgment for the costs here against the appellee. Thereupon execution issued and the same was returned unsatisfied for lack of property out of which to levy the costs.

The clerk of this Court then issued execution against the appellant, the defendant, and *his* surety in the undertaking for costs upon the appeal, for the defendant's own costs. The surety comes and suggests that the execution was improvidently issued as to him, because the condition of the undertaking upon appeal did not embrace the appellant's own costs, but only such costs as the appellee might recover in this Court, and he moves that the execution as to him be quashed. *The Code,* §552, requires that

the appellant, in appeals to this Court, shall give an undertaking with good and sufficient surety in such sum as the Court may direct, not exceeding two hundred and fifty dollars, "to the effect that the appellant will pay *all costs* which may be awarded against him on the appeal."

Seemingly the words "all costs," in the clause of the statute just quoted, are broad enough to embrace any costs in and about the appeal, that might, in any case, be awarded against the appellant; but they cannot be so interpreted. Regularly and strictly, the appellant and the appellee, may each be required to pay his costs as and when he incurs the same, and if he should do so, then there would be no occasion for a judgment for costs, unless the appellant should be cast in his appeal, in which case the appellee would be entitled to be reimbursed as to the costs he had so expended, and to have judgment for the same. The purpose of the undertaking required, is to secure to the appellee the costs he may so expend, and the surety in it is, therefore, bound only for that cost.

It has long been the practice that the clerk and others·entitled to costs indulge the party bound to pay them until the action shall be determined, and then tax and include them in the final judgment, and issue execution therefor. In such case, when the appellant recovered costs and these could not be collected from the appellee, then the appellant was required to pay the costs incurred by him, and a proper judgment or order to that end was entered, if need be, and execution issued against him for the same, but not against his surety in the undertaking upon appeal, for the reasons already stated. This practice of indulging litigants for costs due is not compulsory, but when parties are so indulged the clerk and others entitled to costs can only look to the party incurring them, except in the case when the appellee recovers costs, in which case the security in the undertaking upon appeal is bound. *Clerk's Office* v. *Lockman*, 1 Dev., 146; *Clerk's Office* v. *Huffsteller*, 67 N. C., 449; *Sheppard v. Bland*, 87 N. C., 163, and numerous cases cited. *Tourgee Dig.*, C. C. P., 717 to

721. The execution against the surety, James A. Cheek, was improvidently issued, and the motion to call in and quash the same as to him, must be allowed. A further execution as to him will not be issued.

Motion allowed.