### *CLEM BAILEY v. C. H. BROWN.

*Appeal—Transcript—Clerk's Fees—Rule 17.*

1. If an appeal is not docketed before the call of that district, at next term of this Court, is concluded, the appellee, upon exhibiting the certificate of the Clerk as required by Rule 17, may docket and have the appeal dismissed. Head note in *Bryan* v. *Moring*, 99 N. C., 16, corrected.

2. It is the duty of the Clerk within twenty days after the case on appeal is filed in his office to send up a transcript to this Court (*The Code*, § 551), but not unless his fees are paid by the appellant: *Semble*, that leave to appeal *in forma pauperis* does not excuse appellant from paying costs of transcript.

3. If the transcript is not sent up in time by reason of the appellant's failure, when notified, to pay costs of the transcript, the appellee may move to docket and dismiss the appeal.

*Head-notes by CLARK, J.

Action, tried before *Bynum, J.*, and a jury, at November Term, 1889, of Lenoir Superior Court.

The transcript was not filed before the call of causes from that district was concluded, and at the close of the call the counsel for appellee exhibited the certificate of the Clerk of Lenoir Superior Court showing the names of the parties to the action, the time when the judgment and appeal were taken, the name of the appellant, and the date of settling appeal, and moved, under Rule 17 of this Court, to docket appeal and have it dismissed.

*Mr. N. J. Rouse*, for plaintiff.
No counsel for defendant.

Clark, J.: The certificate of the Clerk, filed as required by Rule 17, shows that the action was tried at November Term, 1889, of Lenoir Superior Court; that on disagreement of counsel the case on appeal was settled by the Judge, and filed in the Clerk's office February 12th, 1890; that the Clerk made out the transcript of the record on appeal, and on February 18th, and repeatedly since, has notified appellant that the transcript is still in his office, and it has not been sent up because he has not paid the costs of transcript and the necessary postage thereon. The call of causes from that district in this Court was concluded on March 13th. The motion to docket and dismiss must be allowed. *Cross v. Williams*, 91 N. C , 496; *Avery v. Pritchard*, 93 N. C., 266; *Rollins v. Love*, 97 N. C., 210. The appellant is the moving party. The burden is on him to show that if the appeal is not docketed in time it is no fault of his. When, for instance, the Judge failed to settle the case in time to get the appeal here before the perusal of the docket for that district, it was held to be appellant's duty to bring up the record without the case on appeal, docket it, and move for a *certiorari*, else the appeal will be dismissed. *Pittman v. Kimberly*, 92 N. C., 562.

In a proper case, on motion, the delinquent would be given time to show excuse for his failure to docket appeal in time. *Walker* v. *Scott*, 102 N. C., 487. But here there is no excuse for appellant, as it was his duty to pay the costs of transcript (*Andrews* v. *Whisnant*, 83, N. C., 446), and the appellee is entitled to have an end to the litigation. It is not made to appear that this was an appeal *in forma pauperis;* but we may note that § 553, allowing an appeal as a pauper, merely excuses appellant from filing the bond, or making the deposit required to secure the adversary party for the costs of the appeal. The Court held, in *Martin* v. *Chastine*, 75 N. C., 96, that this did not excuse such appellant from payment of his own costs in this Court. It would seem from this that one who appeals as a pauper must pay all his costs of the appeal, including costs of transcript, and for the reason, given in that case, that the trial in the Superior Court is presumed to be right, and the public officers are not called upon to render gratuitous services to impeach the result of the trial already had. Indeed, § 553, allowing appeals without bond, is similar to § 237, allowing defendants in actions of eject-ment to defend without giving bond, under which it has been held that such defendant is liable for, and also may recover, costs. *Justice* v. *Eddings*, 75 N. C., 581, and *Lambert* v. *Kinnery*, 74 N. C., 348. Both sections differ in these respects from § 212, allowing a party to *sue* as a pauper, which excuses such party from paying fees to any officer and deprives him of the right to recover costs. It is held, how-ever, that even that section does not excuse the pauper from liability for his witnesses. *Morris* v. *Rippy*, 4. Jones, 533; *The Code*, § 1368. We advert to this, as it is a matter which frequently comes up on circuit, and it is possible that its discussion here may save the appellant the expense of an application to re-docket or for a *certiorari*. The head-note in *Bryan* v. *Moring*, 99 N. C., 16, is calculated to mislead.

The Court did not hold that if the appeal was not docketed before the perusal of the district, the appeal would not be dismissed on motion upon certificate as allowed by Rule 17. What it did hold was, that if such motion to docket and dismiss was not made by appellee during the call of the docket from the district, and such appeal should thereafter be docketed by appellant during such term, being the first term of this Court after the trial below, the Court would not dismiss on motion of appellee, but would continue the case.

Motion allowed.