THE STATE v. H. A. NASH.

*Costs—Payment in Advance—Certiorari—Appeal.*

In criminal actions, the Clerk of the Superior Court cannot require that the costs of transcript upon appeal shall be paid in advance, although the defendant did not appeal *in forma pauperis*, and a *certiorari* will issue directing the Clerk to send up the transcript which he holds for such prepayment.

This was a MOTION in the Supreme Court for a *certiorari*. The facts are stated in the opinion.

*The Attorney General*, for the State.
*Mr. L. C. Edwards*, for defendant.

CLARK, J.: The defendant, who did not appeal in *forma pauperis*, but has executed his appeal bond, refused to pay the costs of the transcript of the record on appeal. The Clerk

thereupon declined to send it up. The application for *certiorari* therefore presents the question whether, in criminal actions, the Clerk can require the cost of the transcript to be paid in advance. It is settled that in civil cases he can. *Andrews* v· *Whisnant*, 83 N. C., 446; *Bailey* v. *Brown*, 105 N. C., 127.

But in criminal actions it is otherwise. *The Code*, § 3758, provides, "No officer shall be compelled to perform any services unless his fee be paid or tendered, *except in criminal actions.*" This inhibition against requiring payment of fees in advance in criminal actions, we think, embraces all services, including that in question.

We are strengthened in this view by the fact that it has been held that the appeal bond secures only the costs of the appellee, and not of the appellant. *Morris* v. *Morris*, 92 N. C., 142, and cases cited, and, hence, when such bond is dispensed with in civil cases, by leave to appeal in *forma pauperis*, the appellant may still be required by the Clerk to pay for the cost of the transcript on appeal and his cost in this Court as well. *Martin* v. *Chasteen*, 75 N. C., 96; *Andrews* v. *Whisnant*, and *Bailey* v. *Brown, supra.*

The reason of this distinction is that section 212, allowing a party to *sue* as a pauper, exempts him from paying fees to any officer, but section 553, allowing an *appeal in forma pauperis*, is more restricted, and only exempts the appellant from giving bond to secure the appellee's costs, leaving him to pay his own costs, if exacted, if he chooses to appeal to another tribunal after having had gratuitous services from all officers in the lower Courts.

If the same rule prevailed in criminal actions, it would follow that all appellants in such cases, as well as those appealing *in forma pauperis as others*, would be compelled to prepay the costs of the transcript and the costs in this Court, if demanded. Such is not our understanding of the statute. *The Code*, § 3758.

An instanter *certiorari* should issue to bring up the transcript.                                         Motion allowed.