ALLEN A. SANDERS v. CYRUS THOMPSON et al.

*Certiorari—Practice—Docketing Appeal—Non-payment of
Clerk's Fees for Sending up Transcript.*

1. An appellant, instead of docketing the appeal during the September
   Term of this Court (as might have been done, the appellee not
   having moved to docket and dismiss), toward the latter part of the
   Term (December 16, 1893) applied for a *certiorari* to be heard on
   December 18th; the required time of notice was not shortened by
   the Court and the notice itself was not given to the officer for
   service until the 12th January, 1894: *Held*, that on account of the
   laches and irregularity of petitioner the writ will not be issued.

2. The Clerk of the Court below is entitled to receive his fees before
   being required to send up a transcript on appeal, and, therefore,
   a writ of *certiorari* will be refused where it appears from the
   affidavit of the Clerk that the transcript was not sent up because
   the appellant failed, after repeated demands, to pay the fees, and
   in his reply to the answer setting forth the Clerk's affidavit the
   petitioner did not tender the fees.

3. Where an application for *certiorari* states that the papers asked to be
   sent up were lost, but does not aver that steps have been taken to
   supply them, the writ will not issue.

This was a PETITION of the plaintiff for an order direct-
ing a writ of *certiorari* to issue to bring up an appeal.

*Messrs. F. M. Simmons* and *T. B. Womack*, for plaintiff (peti-
tioner).
*Messrs. Battle & Mordecai*, for defendants.

CLARK, J.: This cause having been tried below at Spring
Term, 1893, the appeal should have been docketed in this
Court before the perusal of the district to which it belonged
at Fall Term. It is true that as the appellee did not move
to docket and dismiss, the appeal could have been docketed
at any time during said Fall Term (113 N. C.). But instead

of so docketing the appeal the appellant, on December 16, 1893, near the end of the Term, applied for a *certiorari*, the motion reciting that the petition was to be heard on December 18th. Ten days' notice was not given as required by Rule 43, nor was the time shortened by the Court. The petitioner's counsel himself fixed the time at two days, and December 18, 1893, as the day the motion was to be heard, but did not place the notice in an officer's hands for service till January 12, 1894. Such laches and irregularity do not entitle the petitioner to the benefit of a *certiorari*, which should be asked for in apt time and upon due notice.

Apart from this the application is resisted on the affidavit of the Clerk that the transcript was not sent up because he repeatedly demanded his fees for the same and the appellant failed to pay them. This the Clerk was entitled to demand (*Andrews* v. *Whisnant*, 83 N. C., 446; *Bailey* v. *Brown*, 105 N. C., 127), except in criminal actions (*State* v. *Nash*, 109 N. C., 822). The petitioner's counsel, in reply, does not deny this beyond saying he does not recollect the fees being demanded, but though put on notice by the answer he still does not tender the fees for the transcript. It would be an anomaly if the transcript could be brought up by *certiorari* without tender or payment of the fees therefor when the appeal could not be brought up direct without such payment or tender. The petitioner furthermore avers that the papers in the cause have been lost or destroyed, but does not aver or show any steps taken below to supply them. As was said in *Peebles* v. *Braswell*, 107 N. C., 68, "it would be a vain thing to send a *certiorari* down for papers which are not in the office and to supply which no steps have been taken." The petitioner has not shown proper diligence nor proceeded in the proper mode to be entitled to a *certiorari*. The application was made at almost the latest possible moment, ten days' notice was not given,

nor was any notice served before the day mentioned in the notice, December 18th.   The papers asked to be sent up are averred by the petitioner to be non-existent and no steps are taken to supply them, and the fees for the transcript are not paid or tendered, though the answer to the petition shows that they were demanded by the officer, as he had a right to do.                            Petition Denied.