JULIUS SPELLER, Executor v. C. B. SPELLER, et al. AND R. M. SPELLER, Executor, et al.

*Practice—Certiorari—Refusal of Appellant to Pay Costs of Transcript—Suits in Forma Pauperis—Fees of Court Officers.*

1. An order granted under Sec. 553 of *The Code*, permitting an appeal without giving bond or making a deposit, does not relieve the appellant in civil actions from the payment of costs of transcript or in Supreme Court in advance.

2. The leave to sue as a pauper, under Sections 210 and 212 of *The Code*, does not extend, in civil actions, beyond the trial in the superior court, his appeal being governed by Section 553 of *The Code*, which only relieves him from giving *security* for the costs of the appeal, but he must pay the fees as to the appeal due the officers of both courts for services rendered.

3. Where a party who has had leave to sue as a pauper and to appeal without giving bond refuses to pay the costs of the transcript, a *certiorari* will not be granted.

CIVIL ACTIONS, tried at Spring Term, 1892, of BERTIE Superior Court. The defendants, appellants in the first-named case, were permitted, by an order of court, to appeal without giving bond; being plaintiffs in the other case, they had been allowed to sue *in forma pauperis*, and

were also permitted to appeal without giving bond, &c. The clerk refused to send up the transcripts of the record on appeal unless appellants paid his fees for so doing in advance, which they refused to do, and moved in this Court for a *certiorari* in each case.

*Mr. R. B. Peebles*, for appellants.
*Mr. F. D. Winston*, for appellees.

CLARK, J. : The point presented has already been three. times passed upon by this Court: In *Martin* v. *Chasteen*, 75 N. C., 96 ; *Andrews* v. *Whisnant*, 83 N. C., 446, and in *Bailey* v. *Brown*, 105 N. C., 127, all decided since the Act of 1873–'74, Ch. 60, which was relied on by the petitioners. It is pointed out in the case last named that *The Code*, Sections 210 and 212, permitting an action to be brought *in forma pauperis*, not only exempts such pauper plaintiff from giving bond to indemnify the defendant for his costs, but excuses him from paying fees to any officer and deprives him of the right to recover costs while Section 237, allowing a defendant in an action of ejectment to defend without giving bond, and Section 553, allowing an appeal to this Court without bond, go no further than dispensing with the bond, and neither exempts the party from paying his own costs nor forbids his recovering costs.  The reason is very plain.  As to Section 237, a defendant who is allowed to remain in possession without security for *mesne* profits or for plaintiff's costs should be able to pay his own or secure them out of the *mesne* profits ; and an appellant who has had a gratuitous trial in the superior court, without paying anything to officers for their services, when he seeks to reverse the presumption of the correctness of the result should not receive further gratuitous services of the court officers.  It is enough that he is excused from

giving any security to indemnify the appellee for his costs on the appeal.  Such was the ruling also under the former system of procedure.  *Office* v. *Lockman*, 12 N. C., 146.

The above applies only in civil cases.  In criminal actions the appellant, whether the State or defendant, and whether the latter appeals *in forma pauperis* or not, is not required to pay costs of transcript in advance.  *State* v. *Nash*, 109 N. C., 822 ; *State* v. *Deyton* at this Term.

Instead of extending the cases in which officers shall perform duties to litigants without charge, the tendency of legislation is the other way; as Chapter 149, Acts 1895, provides that where a plaintiff, admitted to sue in *forma pauperis*, recovers in his action, he shall recover costs, and of course must pay them; for if he does not pay costs there is none he could recover.  The leave to sue as a pauper, *Code*, Secs. 210 and 212, does not go beyond the superior court.  The appeal as a pauper is governed by Section 553.

The petitioner, having refused to pay the costs of the transcript, is not entitled to a *certiorari*, but, if diligent, he can, by paying the costs therefor, still docket his appeal in time, provided he does so at this Term before the appellee has docketed and had the appeal dismissed.  *Triplett* v. *Foster*, 113 N. C., 389, citing *Bailey* v. *Brown*, *supra.*

*Certiorari* Denied.