W. W. LADD, Jr., *et al.* v. J. F. TEAGUE, Sheriff,

(Decided May 15, 1900.)

*Motion to Set Aside Judgment—Record Evidence—Attorneys of Record—Records Import Verity.*

1. While the finding of facts by the trial Judge is final, the judgment applying the law to those facts is reviewable.

2. When the *record proper* differs from the statement of the case on appeal, the former must control.

3. Where an order of the Court recites that it was made by consent of all the parties, this Court is bound by the statement, and neither party will be heard to say that his attorney was unauthorized to consent to the order.

4. An attorney, once appearing, continues to appear for all purposes until the judgment is satisfied, unless he retires in the meanwhile by leave of the Court.

5. Where the recitals of record show that a party has been represented by attorney and has had the benefit of nis professional services in the conduct of the cause, including the trial, the legal inference is that the attorney was the attorney of the party, and an averment to the contrary will not be permitted two or three years after final judgment.

CLAIM AND DELIVERY PROCEEDINGS, and motion to set aside a judgment rendered therein by *Norwood, J.,* at Fall Term, 1897, in favor of plaintiff, heard before *Coble, J.,* at Fall Term, 1899, of the Superior Court of SWAIN County. The ground of the motion was that the judgment was rendered out of term time, under what purported to be a consent order, the defendant having no counsel. The motion was allowed, and plaintiff appealed.

Case on appeal settled by *Coble, J.,* as follows:

This was a motion heard before *Coble, J.,* at Fall Term, 1899, of the Superior Court of Swain County to vacate and

set aside a judgment theretofore rendered in said cause by *Norwood, J.,* at Fall Term, 1897, of the Superior Court of said county. The motion was granted and the said judgment was set aside. From the order setting the same aside, an appeal was taken to the Supreme Court. Notice of appeal given in open court. The case on appeal shall consist of the transcript of the record as sent by the Clerk of the Superior Court of Buncombe to Swain, being the summons, undertaking, affidavit, order, return, entries on the civil issue and minute dockets of the Superior Court of Swain County, all the pleadings in the case, including the answers with the endorsements thereon, the findings of fact by Judge Norwood, and the judgment rendered by him, together with the executions issued thereon, with the entries of appeal, the undertaking for costs on appeal, notice to dismiss appeal and judgment of Judge Bowman dismissing same; the findings of facts and judgment made and rendered by *Coble, J.,* also the entries of appeal, etc., from the said judgment rendered by *Coble, J.,* as they appear of record in said case.

Upon disagreement of counsel, the above is the case on appeal as settled by me.

This the 2nd day of January, 1900.

ALBERT L. COBLE,<br>
*Judge Presiding.*

FAIRCLOTH, C. J., writes the opinion of the Court.

DOUGLAS, J., writes dissenting opinion.

*Messrs. Merrimon & Merrimon,* and *T. H. Cobb,* for appellants.

No counsel *contra.*

35——126

FAIRCLOTH, C. J.   The plaintiff instituted this action on September 9, 1896, in the Superior Court of Buncombe County, against the defendant Teague, *alone,* Sheriff of Swain County, returnable to December Term, 1896, for certain property and for damages, which property was held by the defendant by levy under certain executions in his hands. At the return term, to-wit, December 8, 1896, the defendant signed and filed an affidavit for the removal of said action to Swain County for trial, suggesting that the execution and attaching creditors ought to be made parties.   The action at that term was removed to Swain County.   At Spring Term, 1897, of court in Swain County, on motion of counsel for the *defendant,* several other persons were made parties, and time was allowed to file an answer.   On July 8, 1897, the defendant Teague filed a verified answer, on the back thereof was endorsed Bryson & Black and F. C. Fisher, attorneys for *defendants.*   At August Special Term, 1897, *"defendants* allowed to answer" was entered, and Bryson & Black for *defendants.*   A notice by plaintiff addressed to Fred. Fisher and T. D. Bryson to take depositions was served by defendant Teague, and an agreement to open said depositions without prejudice was signed by plaintiff's attorney, and by Bryson & Black and F. C. Fisher, "attorneys for *defendants."*   At Fall Term, 1897, on the docket, this entry appears:   "Counsel for both parties waive trial by jury and consent that the Court may try the case and find the facts and adjudge the law."

*Norwood, J.,* who tried the case, says in his finding of facts that both parties agreed in open court that the Judge who tried the cause, "might take the records and testimony and may find the facts and sign the judgment in Haywood County after the circuit closes, and that said action of said Judge and said judgment so rendered may be entered upon the

records of Swain County as of this Fall Term, 1897, of the Superior Court of Swain County." Judge Norwood accordingly tried the case at Chambers and filed his judgment against defendants, December 21, 1897. Notice of appeal was given, but at November Term, 1898, of the court in Swain County, the Judge presiding entered this judgment: "That said appeal has been abandoned and the same is hereby dismissed." At said Spring Term, 1897, forty-one additional persons were made parties defendant. His Honor finds as a fact that Bryson & Black were never employed by defendant Teague, and that Fisher was never employed by any of the parties except Sumers and Conley, and that Teague did not employ any attorney to represent him in said action, also that Fisher was employed by Bryson to go to Asheville to make a motion on said affidavit of Teague for removal of said cause from Buncombe to Swain County. After Teague's appeal was dismissed, he made a motion, at Fall Term, 1899, to set aside the judgment of *Norwood, J.,* on the ground that he had never consented for that judgment might be rendered at Chambers outside of Swain County. His Honor, Judge Coble, at Fall Term, 1899, after finding the above facts, set aside the judgment as to said Teague and no further, and the plaintiffs appealed to this Court.

On the trial in Swain County before *Norwood, J.,* the defendant Teague was examined as a witness.

In reviewing this judgment we do not assume to review the finding of the facts. Such finding by the Judge below is final. The judgment applying the law to those facts is reviewable. *Johnson v. Duckworth,* 72 N. C., 244; *Emry v. Hardee,* 94 N. C., 787; *Clegg v. Soapstone Co.,* 66 N. C., 391.

The defendant's contention is that the attorneys were never by him employed (and the Judge so finds), and that the agree-

ment that Judge Norwood could render judgment in another county was not by his consent, and therefore the judgment is void as to him.

Looking through the record we find that when the motion for removal was made, and at Spring Term, 1897, of Swain Superior Court, on motion "of counsel for the *defendant*" to make new parties, the defendant Teague was the only *defendant.* On July 8, 1897, the *defendants* file an answer, verified by Teague and endorsed by Bryson & Black and F. C. Fisher "attorney for *defendants.*" On November 9, following, the defendant Teague, as sheriff, served a notice on Bryson "attorney for the *defendants.*" Such entries were continued at the term when a jury trial was waived and until final judgment entered on the 21st of December, 1897.

The legal inference from these parts of the record is that said attorneys represented all the defendants, and this presumption can not be rebutted, two or three years after final judgment, by an averment of the principal defendant that he had never employed counsel. He was cognizant of the course of the case, including the trial, and had all the advantage and benefit of representation by counsel. Any other rule would not only disturb orderly procedure, but would be disastrous to the rights of third parties—as the assignee of the judgment in this case.

We have referred with some particularity to the record proper, in order to call the attention of attorneys to their duties in their close relations to the Court. It is an easy matter for an attorney, appearing only for some of the parties, to so inform the Court or to indicate it on the record.

An attorney, once appearing, continues to appear, for all purposes, until the judgment is satisfied, unless he retires in the meantime by leave of the Court. On this subject, Chief Justice Taney said, in *U. S. v. Curry,* 6 Howard (U. S.),

LADD v. TEAGUE.

106: "No attorney or solicitor can withdraw his name after he has once entered it on the record without the leave of the Court. And while his name continues there, the adverse party has the right to treat him as the authorized attorney or solicitor, and the service of notice on him is as valid as if served on the party himself. And we presume that no court would permit an attorney who had appeared at the trial with the sanction of the party, expressed or *implied*, to withdraw his name after the case was finally decided. * * * And so far from permitting an attorney to embarrass and impede the administration of justice, by withdrawing his name after trial and final decree, we think the Court should regard any attempt to do so as open to just rebuke."

The same principle is declared by this Court in *Branch v. Walker*, 92 N. C., 87; *Walton v. Sugg*, 61 N. C., 98.

Where an order of the Court recites that it was made by consent of all the parties ("the plaintiff and defendants in this case"), this Court is bound by the statement, and neither party will be heard to say that his attorney was unauthorized to consent to the order. *Henry v. Hilliard*, 120 N. C., 479.

When the *record proper* differs from the statement of the case on appeal, the former must control. *Threadgill v. Commissioners*, 116 N. C., 616.

From this review we are led to the conclusion that there was error in setting aside the judgment rendered by *Norwood, J.*

Reversed.

DOUGLAS, J., dissenting. I can not concur in the opinion of the Court because, in my opinion, it is not only erroneous in law but inconsistent in itself. The Court says: "In reviewing this judgment we do not assume to review the finding of the facts. Such finding by the Judge below is final."

And yet the Judge below has found as a fact that Teague did *not* employ any attorney to represent him in said action, and that therefore he is not liable. This Court reverses that judgment. · Does it reverse the finding of facts? If it does not, and it says it does not, then it must hold that a man, perhaps a thousand miles away, may be bound by a judgment in a case of which he has never heard, because some attorney may have entered an appearance for him without any authority whatever. In fact it would seem that the attorney need not specifically appear for the party, and need not have any intention of appearing for him or have any idea that he is doing so. He may unconsciously do some act from which the Court may "infer" an appearance for the particular individual in question; but why this *inference* of fact, for it is nothing else, should outweigh the *finding* of fact by the Court below, which this Court in its opinion says is final, I can not understand.

Where there are a large number of defendants having different counsel, it is quite common for the counsel to sign their names collectively for the defendants, each supposing that some one of the other attorneys represents each of the other defendants. The Court says that, "It is an easy matter for an attorney, appearing only for some of the parties, to so inform the Court or to indicate it on the record." Of course it is; but is a party who never employed the attorney responsible for his failure to do so?

It is urged that Teague had already appeared in the case and was presumed to know all that was done in the orderly procedure of the trial. Of course he was; but he was not presumed to take notice of all *irregular* proceedings, such as rendering judgment outside the county, which could not be done without his actual consent.

We have already carried the doctrine of waivers, implications and presumptions to its furthest reasonable extent, and

I hope that questions of jurisdiction may not be made to depend upon implied assent to unusual and irregular methods of procedure in cases where the defendant may have had no actual knowledge of the facts. There is a great difference between a waiver of the right to object to some regular proceeding in the course of the trial, and an actual consent to some unusual course of procedure which without such consent would be utterly invalid. It should be borne in mind that nowhere in the record does anyone sign as attorney for Teague. That fact is assumed by this Court merely as a legal inference from the fact that different attorneys sign at different times as "attorneys for the defendants." Admitting for the sake of argument that Fisher had appeared for Teague at some previous stage of the trial, his name does not appear to the written assent; and neither he nor his supposed client was required to take notice that the Court would take the case outside the county. It is just as easy to presume an original appearance as it is to presume assent to a removal of the case. Suppose that Teague had been in the Philippines, or dead for that matter, would the mere fact that the name of some attorney appeared on the back of some paper as "attorney for the defendants" bind him, his heirs, executors and administrators? I am afraid so, under the opinion of the Court.

In my view of the case the citations by the Court have no bearing. This is not a question as to whether an attorney can withdraw from the case without leave of the Court, because he has never been in the case as attorney for Teague.

Again it is said: "When the *record proper* differs from the statement of the case on appeal, the former must control." Certainly. But this rule applies only where the case on appeal misstates some part of the record, and not to findings of fact based upon merely evidential facts appearing in the

record. In fact such findings of fact are an essential part of the record.

Great stress is laid upon the principle that third parties should not be made to suffer. Have third parties any greater claims to protection than the original parties where both are innocent? The assignee of a judgment takes it subject to existing equities. He is a willing purchaser. Has he any greater equities than an unwilling and perhaps unconscious defendant? I am well aware of the danger of lightly impugning court records, but the public at large are entitled to some measure of protection. The plaintiff can always protect himself by seeing that every proper step is taken to secure the validity of the judgment which he is seeking to procure. He is the actor. He can require all attorneys to state specifically for whom they appear, and can demand the production of their authority if he so desires. The courts themselves can protect the sanctity of their own records. The Federal Courts generally require counsel to enter a written appearance, stating specifically for whom they appear. Why can not our courts do the same?

I will readily admit that there are facts in the case tending to *prove* the essential fact that Teague was represented by counsel; but the Court below has found to the contrary, and that finding is final and irreviewable. We are thus placed in the position of saying that we legally infer that Teague had counsel, while we admit as a fact that he had no counsel. This is too much for me. I must respectfully dissent from the opinion as well as the judgment of the Court.