CHARLES F. DUNN v. CLERK'S OFFICE.

(Filed 11 September, 1918.)

**Clerks of Court—Fees—Supreme Court—Docketing Transcript.**

The appellant's undertaking does not cover the fee of the clerk of the Supreme Court in docketing the case, and the clerk is in the exercise of his right in refusing to docket the transcript where he has demanded the prescribed fee in advance and its payment has been refused. Revisal, secs. 2804, 1250.

WALKER, J. This is a motion to docket the transcript of an appeal taken by the defendant in the case of Jake Sutton v. Charles F. Dunn, which it appears was tried in the Superior Court of Lenuir County, and in which judgment was entered for the plaintiff, Jake Sutton. The

clerk here refused to docket the transcript because, upon demand, the appellant, Charles F. Dunn, refused to pay the costs allowed for docketing. The appellant contended that he was not required by the law to pay such costs to the clerk of this Court in advance.

Waiving the question whether the appellant has tendered to the clerk such a transcript as entitled him to have it docketed, and assuming that he has, we are of the opinion that the clerk had the right to require the payment of the fee before docketing the same. The question is not an open one, it having been settled long ago by several of the cases that the clerk is entitled to demand such payment. The case of *Martin v. Chasteen,* 75 N. C., 96, is conclusively against the appellant. *Justice Rodman* there said: "As is well known, the object of an undertaking by an appellant is not to secure the fees which the appellant may become liable for to the officers of the court pending his appeal, but only to secure reimbursement to the appellee of such fees as he may have to pay. The act puts an appellant who has complied with its conditions in the condition he would have been in if he had given an undertaking. Now an appellant who has given an undertaking is not entitled to the gratuitous services of the officers of the court, but must pay for them as he procures them if the officers demand it. *Office v. Lockmand,* 12 N. C., 146. We think the clerk of this Court had a right to demand payment of his fee for docketing the appeal before he performed the service, and he was not compelled to perform it gratuitously."

And to the same effect is *Clerk v. Wagoner,* 26 N. C., 131, where *Chief Justice Ruffin* said: "It has been usual for the officers of the Court to indulge the successful party for his costs until a return of his execution therefor against the party cost. If raised on that execution, the officers, instead of the party, receive them, and thus the matter is settled. But it is clear that every party may be required to pay his own costs as they are incurred, or at any time when demanded. It is incident to every court to have a jurisdiction over its suitors and officers to regulate the taxing and payment of the proper costs, and for that purpose to make rules on those persons and enforce them by attachment." The latter case was approved in *Long v. Walker,* 105 N. C., 97. See, also, *Brown v. House,* 116 N. C., 859; *Merritt v. Merritt,* 2 N. C., 20; *Speller v. Speller,* 119 N. C., 358; *Andrews v. Whisnant,* 83 N. C., 446 (where the question is fully and clearly discussed by *Justice Dillard*). The point is further considered and decided in *Bailey v. Brown,* 105 N. C., 129; *Ballard v. Gay,* 108 N. C., 544; *S. v. Nash,* 109 N. C., 822.

It was held in *Ballard v. Gay, supra,* that a clerk can demand payment of his fees in advance, and that this could be done under the statute (The Code, sec. 3758; Revisal, sec. 2804), and even under the com-

mon law, citing *West v. Reynolds,* 94 N. C., 333, and also the other cases to which we already have referred.

But the statute, Revisal, sec. 2804, expressly provides that the clerk (and other officers therein mentioned) shall receive fees, which are prescribed for them respectively, from the persons for whom, or at whose instance, the service shall be performed, and no officer shall be compelled to perform any service unless his fee be paid or tendered.

There are exceptions to this provision, but they do not extend to this case. Revisal, sec. 1250, also provides, impliedly, the same thing. So it follows that the refusal of the appellant to pay the fee for the service when demanded deprived him of the right to have the transcript docketed, and fully justified the action of the clerk. It appears that the appellant has not entitled himself to ask any favor of the clerk (or of this Court, if it had any discretion in regard to the matter), but that his conduct has been such as to require of him a strict compliance with the law.

The clerk acted strictly within his legal right, which is clearly given by the law, and the motion therefore is denied with costs.

Motion denied.