THOMAS L. CLAYTON v. JOHN JONES.

Where the complaint (which was verified) in an action by the indorsee against the maker of a promissory note stated the indorsement, but omitted to allege that it was for value received, and the defendant demurred to the complaint for such omission: *it was held* that the demurrer was frivolous, and that, as there was no answer, the plaintiff was, upon motion, entitled to judgment for the amount of the principal and interest of the note.

The five days notice which was required by the 218th section of the C. C. P. previous to a motion for judgment on account of a frivolous demurrer, answer or reply, is not applicable since the C. C. P. has been suspended and the summons in civil action is made returnable to the Court in term time. Now such notice is unnecessary, as the parties through their counsel must take notice, at their peril, of all motions and steps in the cause.

CIVIL ACTION, brought to the Superior Court of BUNCOMBE, and heard upon a motion for judgment at the Fall Term, 1872.

The facts necessary for understanding the case are fully stated in the opinion of this Court.

32

*J. H. Merrimon,* for plaintiff.
No counsel for defendant.

BOYDEN, J.  This was a civil action upon a promissory note, which had been indorsed to the plaintiff by the payee, Smith.  The complaint was verified.  To this complaint the defendant demurred, and alleged in his demurrer " that the complaint did not state facts sufficient to constitute a cause of action against the defendant, for the reason that the complaint did not allege that Smith, the payee in said note, had indorsed the same to the plaintiff for value received."

The plaintiff's counsel at the return term, moved for judgment upon the ground " that no answer to the complaint had been filed, and that the demurrer was frivolous." His Honor refused the motion, and declared his opinion to be " that the demurrer raised an issue of law, which, under the statute suspending the C. C. P., could not be heard till the next term."  His Honor would have committed no error had the demurrer in fact raised an issue of law; but it was for his Honor to decide whether or not the demurrer did raise such issue.  His Honor, we think, erred in holding that the demurrer raised an issue of law, for the reason that the grounds of the demurrer specified are plainly irrelevant and immaterial, and therefore frivolous.  The 218th section of the C. C. P. provides that " if a demurrer, answer or reply be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to the Court or Judge thereof, either in or out of the Court, for judgment thereon, and judgment may be given accordingly."

This notice of five days was provided for the decision of cases, as the law stood before the several statutes suspending the C. C. P.  Since these acts of Assembly making civil actions returnable to the Court in term time, the five days notice of the motion is unnecessary, as parties through their

counsel must take notice, at their peril, of all motions and steps in the cause, as under our old system, as has been decided at this term in the case of *Stone* v. *Latham.* His Honor should have allowed the motion, as the plaintiff was entitled to his judgment notwithstanding the sham demurrer, as in law it was wholly immaterial as far as the plaintiff's rights were concerned whether he paid value for the note or not.

There was error in refusing the motion. There will be judgment in this Court for the debt and costs.

PER CURIAM.                    Judgment affirmed.