## JOHN B. GREEN v. ROBERT H. HOBGOOD.

It is not sufficient for a defendant, for the purpose of perfecting an appeal from the judgment of a Justice of the Peace, to the Superior Court, to show that when the case was called for trial on the 3d of October, 1874, it was continued at the instance of his co-defendant until the 16th day of the same month; that on the said 3d of October, another case, in which he was also defendant, and which involved the same merits, was tried, and judgment rendered against him, from which judgment his attorney appealed; and that then and there, in the presence of the plaintiff, his attorney gave notice to the Justice, that if neither his client nor himself could be present at the trial on the 16th, and if judgment should be rendered in favor of the plaintiff, he requested the Justice to make this entry, "an appeal prayed by the defendant H. alone, and granted as to him;" that he did not know whether the plaintiff heard this notice or not. The requirements of the State regulating appeals are plain and simple, the neglect of which should no longer receive the indulgence of the courts.

(*Marsh v. Cohen*, 68 N. C. Rep. 283, cited and approved.)

This was a MOTION by the plaintiff to dismiss an appeal from the court of a Justice of the Peace to the Superior Court of GRANVILLE county. The motion was heard at July (special) Term, 1875, his Honor Judge *Moore* presiding.

The grounds upon which the motion to dismiss was based were, that no appeal was prayed by the defendant at the time the judgment was rendered against him in the Justice's court; that the plaintiff was not present, either in person or by attorney, at any time when an appeal was prayed, nor was any notice ever given to the plaintiff of an appeal by the defendant, as required by law.

In support of the motion the plaintiff filed several affidavits which it is unnecessary to set out.

The defendant resisted the motion, and offered in evidence the affidavit of A. S. Peace, Esq., his attorney, which was substantially as follows: He was of counsel for the defend

ant, Hobgood, at the time of the rendition of judgment in. the case by the Justice of the Peace. He was at Dutchville on the 3d of October, 1874, on which day the case was set for trial. .The case was called by the Justice, and continued at the instance of the defendant, Chappel, to the 16th day of October. On the 3d day of October, the Justice tried the. case of John B. Green against Willis-Rogers, R. O. Weathers and R. H. Hobgood, and that he appeared as counsel for Hob— good. In that case the Justice rendered judgment against. the defendants, from which judgment, as counsel for Hob-good, he appealed. Believing- the merits of this case were the same as those of the case aforesaid, he had no hope of' preventing judgment being rendered against his client in this action when it should be heard on the 16th of October, and remembering the distance (eighteen miles) which he and his. client resided from Dutchville, the place of trial, he then and there gave notice to the Justice that if neither his client nor himself should be present at the trial, and if the court should render judgment in favor of the plaintiff, to make this entry : An appeal prayed by the defendant, R. H. Hobgood, alone, and granted as to him. He did not know that the plaintiff heard the notice to the Justice, but he was present and might have heard it if he desired. Before this case was called for trial he had a conversation with the plaintiff, in which each party declared it to be his fixed purpose to appeal, should judgment be rendered against him.

Upon the hearing his Honor allowed the motion, and dismissed the appeal, whereupon the defendant appealed.

No counsel for plaintiffs.

*A. S. Peace, Busbee & Busbee, and J. W. Hays,* for defendant.

SETTLE J. This is an appeal from an order of his Honor, Judge *Moore,* dismissing an appeal from a judgment of a.

Justice of the Peace, upon the ground that no appeal was prayed by the defendant at the time of the rendition of the judgment, nor was the plaintiff present in person or by attorney at any time when an appeal was prayed, nor was any notice of appeal from said judgment ever given to the plaintiff as required by law.

The statute regulating appeals from Justices of the Peace to the Superior Court, Bat. Rev. chap. 63, sec. 53, *et s q.* prescribes certain plain and simple requirements for perfecting appeals, the neglect of which so long since the Code went into operation, should not receive the indulgence of the courts. The matters of excuse presented by the defendant are not sufficient.

His counsel referred as to the case of *Marsh* v. *Cohen,* 68 N. C. Rep. 283, but that is an authority directly in point against the defendant.

It is there said, " if an appeal of which no notice had been given to the opposite party, (the word *no,* before notice is omitted in the report of the case, but this is evidently a mistake) should be docketed in the Superior Court, while the Judge would certainly refuse to try the case until reasonable notice was given *and might dismiss the appeal,* he might also in his *discretion* retain the case and allow a reasonable time in which to give notice."

In the case before us his Honor dismissed the appeal, as we think properly.

His judgment is therefore affirmed. Let this certified, &c.

PER CURIAM.                          Judgment affirmed.