## W. H. RICHARDSON v. WALTER DEBNAM and others.

When both parties are present at a trial before a Justice of the Peace, a verbal notice of appeal then and there given is sufficient.

Where a defendant in a trial before a Justice of the Peace, after due notice of his appeal from the judgment therein rendered, offers to give the prescribed undertaking, and is informed by the Justice that his bond will be sufficient, the neglect so to do within the time required by the statute, is excusable, and the defendant will be permitted to perfect his appeal in the Superior Court.

(The case of *Green* v. *Hobgood*, 74 N. C. Rep. 234, cited, distinguished from this, and approved.)

MOTION by the plaintiffs to dismiss an appeal from the judgment of a Justice of the Peace, and counter motion by defendant, to be allowed to file proper undertakings, heard before HENRY, J., at Spring Term, 1876, of WAKE Superior Court.

The following is the return made by the trial Justice to the Superior Court of Wake County: "An appeal having been taken in this action by the defendants, I, H. A. Rhodes, the Justice before whom the same was tried, in pursuance of the notice of appeal hereto annexed, do certify and return that the following proceedings were heard by and before me. * * * * * After hearing the proof and allegations I rendered judgment in favor of the plaintiff and against the defendants, on the 20th day of December, 1875, for $69.44 damage and for costs. I also certify that on the 24th day of December, 1875, the defendant served the annexed notice of appeal on me," &c.

At Spring Term, 1876, the defendant, Debnam, filed the following petition, which was duly verified: "The petition of Walter Debnam respectfully shows that W. H. Richardson obtained a judgment against him and William Pearce before H. A. Rhodes and Josiah Richardson, Justices of the

Peace, on the 20th day of December, 1875, for the sum of $—
and costs. That he is a practicing physician and that on
said day, and after the parties were assembled for trial, he
informed one of said Justices that he was very busy on that
day in the practice of his profession and had not time to at-
tend through the trial, and that he craved an appeal in case
judgment should be rendered against him, and left the place
of trial. That on or about the 24th day of December, 1875,
he went to the house of said Rhodes and learning that judg-
ment had been rendered against him, he gave to said Jus-
tice a written notice of appeal and offered to execute an un-
dertaking (or bond) upon appeal with sufficient sureties.
That said Rhodes informed him that a bond signed by him-
self was sufficient, and he executed thereupon such bond,
and supposed under the advice of said Justice, he had done
all the law required of him to perfect his appeal, and that
he does not think he owes the plaintiff one cent. Your pe-
titioner prays your Honor that he be permitted to give the
proper undertaking."

In support of the motion the defendant filed the follow-
ing affidavit:

Henry A. Rhodes makes oath that as Justice of the Peace
he tried the above entitled action, on the 20th day of De-
cember, 1875, J. A. Richardson, Esq., sitting with and ad-
vising him. That just before the trial began the defendant,
Debnam, informed him that he was too busy in his profes-
sion as a physician to attend the trial, and that he craved
an appeal in case judgment should be rendered against him,
and this he informed the plaintiff on that day. That four
days thereafter the said Debnam came to affiant's house and
being informed that said judgment had been rendered
against him, he gave affiant a written notice of appeal and
offered to execute appeal bond with security, but did not do
so in consequence of affiant telling him that it was unne-
cessary—affiant having but recently become a Justice of the

Peace, and being uninformed at the time of his duties in that particular. That subsequently he became aware of the mistake and the defendant executed the bond returned with the papers. * * * * *

Upon the hearing his Honor dismissed the appeal, and the defendants appealed.

*Battle, Battle & Mordecai,* for the appellant.
*Busbee & Busbee,* contra.

Bynum, J. This case is clearly distinguishable from that of *Green* v. *Hobgood,* 74 N. C. Rep., 234. There it did not appear that notice of appeal was communicated to the plaintiff either before or at the trial. Here the notice was given to the plaintiff at or immediately before the trial, by the trial magistrate, who was instructed by the defendant to enter the appeal in case the judgment was against him. When the parties are present at the trial a verbal notice of appeal is sufficient. For the purpose of notice the magistrate was the agent of the defendant, made such by the instructions of the defendant as to the appeal. In all other respects the appeal was perfected as the statute prescribes, except as to the undertaking, and in not filing that in due time the defendant has made out a case of excusable neglect. He was misled by the magistrate who informed him, when he proposed to give the undertaking, that it was unnecessary.

It is not inexcusable on his part to be thus misled by the Judge who tried the case, and who, in effect, declined to receive the offered undertaking.

There is error. Judgment reversed and cause remanded to be proceeded with according to law.

Per Curiam.                                   Judgment reversed.