## J. R. LINDSAY v. SUSANNAH MOORE.

*Appeal—Certiorari—In Forma Pauperis.*

A *certiorari* will not be granted where the petitioner is unable to give bond for his appeal, unless it be shown that the judge below made an order allowing the appeal *in forma pauperis.*

PETITION for a *Certiorari* heard at June Term, 1880, of THE SUPREME COURT.

*Messrs. Battle & Mordecai*, for plaintiff.
No counsel for defendant.

DILLARD, J. The case made by the plaintiff in his petition for a writ of *certiorari* in excuse of his not bringing up his appeal to the last January term, is, that after the trial of his case at Clay superior court in the fall of 1879, and the disagreement of counsel as to the statement of a case for this court, the judge made out a case of appeal at Haywood superior court, and forwarded it by mail to the clerk of the superior court of Clay, and that being unable to give the security for appeal as required by law, he presented his affidavit with certificate of counsel for leave to appeal as a pauper.

Petitioner is unable to state whether an order was made or not allowing him to appeal without the required security, but states that such an order was either made or intended to be made by the court, and suggests that the order was either lost out of the file of papers by his counsel, or was not made from oversight in the judge.

It is required of a party desiring to appeal, who is unable from poverty to give the required appeal bond, on affidavit of that fact, and a certificate of error in the decision of the court by some attorney practicing in the court, to procure an order of the court for leave to appeal without the usual

appeal bond. But here, the petitioner is unable to say whether any such order was ever made or not.

If the application to appeal *in forma pauperis* was refused from the want or insufficiency of the required affidavit and certificate of counsel, then his appeal was lost without remedy; or if it was allowed, an order should have been made. And in the exercise of due diligence, the petitioner in person or by counsel should have known it and been able on application to state the fact to be so.

The statute requires in the case of inability to give the required security for an appeal, that an appeal may be had without security on the order of the judge allowing it, and it is incumbent on a party claiming the benefit of this provision to show that an order of the court was made; but in this case the petitioner is unable to produce such an order or even to say one was ever made, nor can his counsel for him. The nearest approach to the requirement of the statute is that counsel say an affidavit accompanied with a certificate of counsel was presented to the judge, and that he granted the appeal. They do not say he made the order. Apart from the insufficiency of the ground above mentioned, it does not appear that petitioner, after the case of appeal was settled by the judge at Haywood court and mailed to the clerk of Clay county, ever inquired into its arrival in the clerk's office, nor concerned himself to know if it had been sent up, nor to know that it had or had not come to this court, of which he might easily have informed himself, as the appeals from his county were not called till the 9th week of the January term, and then again at the foot of the docket. In both points of view there was laches, and no sufficient excuse is shown, and the writ must be refused.

PER CURIAM.                                   Petition refused.