D. A. SPAUGH v. N. E. BONER.

*Appeal—Practice.*

1. One who is made, by service of process, a party to an action in a justice's court, must serve notice of an appeal, with a statement of his grounds therefor, within ten days after judgment.

2. *Quære*, as to whether an appeal will lie from a refusal of the superior court to dismiss an appeal from a justice's judgment.

3. The correct practice in case of a refusal to dismiss the action is to reserve the exception and proceed with the trial, so that on appeal the court may dispose of the whole case.

(*Sparrow* v. *Trustees*, 77 N. C., 35; *Crawley* v. *Woodfin*, 78 N. C., 4, cited and approved.)

SPAUGH v. BONER

MOTION to dismiss an appeal from a justice, heard at Spring Term, 1881, of FORSYTH Superior Court, before *Seymour, J.*

Motion refused and plaintiff appealed.

*Messrs. J. C. Buxton,* and *Watson & Glenn,* for plaintiff.
No counsel for defendant.

RUFFIN, J. The facts of this case so nearly resemble those which existed in the case of *Sparrow* v. *The Trustees of Davidson College,* 77 N. C., 35, as to render that case a controlling authority in this. There, as here, a summons issued from a justice's court, was served on the defendant who failed to appear at the trial, and judgment was rendered against him. More than ten days thereafter he gave notice of appeal, and the justice made his return thereto, to the next term of the superior court, when a motion to dismiss the appeal, as not taken in time, was allowed, and upon an appeal to this court the judgment of that court was affirmed.

In the opinion of Mr. Justice RODMAN delivered in that case, it is said there is a misprint in Bat. Rev., ch. 63, § 54, and that the word "or" should be "and," so that the section should read thus: "The appellant shall, within ten days after judgment, serve notice of appeal, stating the grounds thereof. If the judgment is rendered upon process not personally served *and* the defendant did not appear and answer, he shall have fifteen days," &c. Where the party is *made a party* by actual service of process, he is bound to take notice of the judgment, and of everything else that may be regularly done in the course of the cause.

We have, therefore, had no difficulty in reaching the conclusion that the defendant's appeal should have been dismissed on the motion of the plaintiff; but have had serious doubts as to the point whether an appeal would lie from the refusal of the judge in the court below to dismiss it.

14

In the case of *Crawley* v. *Woodfin*, 78 N. C., 4, it is said that no appeal lies from the refusal of a judge to dismiss an action or non-suit a plaintiff, and for the plain reason that such refusal affects no substantial right of the party, as every defence is still open to him that he ever had to the action. So certain is this, that it has more than once occurred in this court that the very points which had been argued upon appeals of this character, and adjudged, and considered as settled, have come back for argument and consideration a second time, when the causes were finally tried upon their merits in the courts below. To say nothing of the labors of this court, the effect of such a practice is to multiply appeals, protract litigation, and increase its costs, and in consideration of this mischief it is the fixed purpose of this court to suppress it. The correct practice in case of a refusal of the court to dismiss the action is to reserve the exception and proceed with the trial, so that on the appeal this court can have the whole case before it, and make such a decision as may at once dispose of it.

We do not, however, regard this case as coming certainly under the ban, for the reason that the motion to dismiss was based upon the want of all right in the defendant to have his cause in court, and was therefore in the nature of a plea to the jurisdiction, which question is always open, and at every stage of the case.

There is error. The judgment of the court below is reversed, and the appeal of the defendant from the judgment of the justice is ordered to be dismissed.

Error.                                                            Reversed.