In *Stell* v. *Barham*, from Wake:

SMITH, C. J. At the last term (85 N. C., 88) we refused to entertain an appeal *in forma pauperis*, in this case, inasmuch as it appeared in the record that when the judge granted the order allowing an appeal without security, he had not before him the defendant's affidavit of insolvency, and this was held to be necessary, because the statute is mandatory upon the judge when the conditions are complied with, and this

he must ascertain before granting the application. He gave the defendant twenty days after making the order on the last day of the term, in which to prepare and file the affidavit of inability, by reason of poverty, to give the security required by law. This he had no legal authority to do in support of an order already entered. As this ruling dispensed with the necessity of immediate efforts to procure the affidavit, even if it were practicable during the last day of the term when the cause was concluded, we think it a proper case in which to award the writ. The case prepared on the attempted appeal shows that questions of law are involved, which the defendant has the right to have considered in this court.

The writ of *certiorari* will therefore issue, requiring the transmission of the record when an appeal-undertaking has been perfected in the court below, or the presiding judge shall make the order, as in case of an appeal allowed without security, under the conditions prescribed by the statute as a substitute for such undertaking.

PER CURIAM.                    Motion allowed.