ARA BRITTAIN v. S. E. MULL et als.

*Appeal— Certiorari— Undertaking on Appeal.*

Ordinarily, the writ of *certiorari*, when used as a substitute for an appeal, will be issued only when the applicant for it files a proper undertaking for the costs, but the Supreme Court has the power, in a proper case, to allow the writ to issue without such undertaking.

APPLICATION by the plaintiff for a writ of *certiorari* as a substitute for an appeal, heard at October Term, 1885, of the Supreme Court.

*Mr. E. C. Smith,* for the plaintiff.
*Mr. Theo. F. Davidson,* for the defendants.

MERRIMON, J. This is an application for the writ of *certiorari* as a substitute for an appeal. It appears, to our satisfaction, that at Spring Term, of the present year, of the Superior Court of the county of Burke, the Court, in an action wherein the petitioner was plaintiff and S. E. Mull and others were defendants, gave judgment against the petitioner, from which she promptly took an appeal to this Court; that she was poor and unable, by reason of her poverty, to give the security required by law for her appeal, and that she made affidavit of that

fact, and that she was advised by counsel learned in the law, that there was error in matter of law in the decision of the Court complained of. It further appears, that the Judge who granted the judgment, left the place where the Court was held, and the judicial district, before the petitioner had opportunity to apply for leave to prosecute her appeal, without giving the required undertaking upon appeal for costs. She, however, promptly sent her affidavit, above mentioned, to the judge, accompanied by the statement, in writing, of her counsel, who practiced in that Court, to the effect, that they had examined her case, and were of opinion that the decision of the Court, of which she complained, was contrary to law.

The Judge declined to grant the leave prayed for, upon the ground, that he had left the judicial district that embraced the Court, in which the judgment was given, and he therefore had not the authority to grant it.

It appears sufficiently from the petition, certificate of counsel and affidavits, that there was reasonable ground for the appeal. The petitioner took it promptly after judgment was granted, and was reasonably diligent in her efforts to obtain leave to prosecute it without giving an undertaking upon appeal for costs. It is unnecessary to inquire now whether or not the Judge had power to grant such leave, after he had left the judicial district in which the judgment was given—he declined to grant it, and the appeal on that account was lost. The case is plainly one in which the writ of *certiorari* as a substitute for an appeal should be allowed, and without requiring an undertaking for costs.

Ordinarily, the writ of *certiorari*, when used as a substitute for an appeal, will be issued only when the applicant for it files a proper undertaking for costs. The Code, §545. But as it is a substitute for the lost appeal, the applicant ought to be, and the law contemplates that she shall be, allowed to bring up the record for review, as nearly as may be as she would have brought up her appeal if no obstacle had been in her way, and with the same rights, privileges and exemptions. It is very clear, she

was entitled to appeal without giving an undertaking for costs, and the Judge would no doubt have allowed her to do so, if he had, under the circumstances, thought he had authority in that 'respect. This Court, in granting the writ, must have the incidental power to grant such leave, just as the Judge below might have done—otherwise appellants in such cases would be without remedy. It seems to us, that a reasonable, almost a necessary, interpretation of the statute is, that this Court is vested with the authority to extend to applicants for the writ, the same privilege or exemption that the Judge of the Superior Court can extend to an appellant.

The writ must issue without requiring the usual undertaking for costs.

*It is so ordered.*