### A. G. WEST v. T. E. REYNOLDS.

## *Appeals from Justices of the Peace—Appeal.*

1. Officers of the Courts are not compelled to perform their duties, unless the fees prescribed by law are paid or tendered them, but they must demand them before *laches* can be imputed to litigants.

2. So where, on appeal from a Justice of the Peace, the case was not docketed, because the fees for this service were not tendered or paid to the Clerk, but the Clerk did not demand his fees or notify the appellant that the appeal would not be docketed unless they were paid ; *It was held,* no error to allow the appeal to be docketed two terms after the regular time, and as soon as the appellant was notified that this had not been done.

3. *It is intimated,* that allowing, or refusing to allow, the appeal to be docketed, is discretionary with the trial Judge, and not the subject of review on appeal.

4. An appeal does not lie from an order of the Judge allowing an appeal from a Justice of the Peace to be docketed after the time allowed by the statute has expired.

(*Andrews* v. *Whisnant,* 83 N. C., 446 ; *Railroad Co.* v. *Richardson,* 82 N. C., 343 ; *Spaugh* v. *Bower,* 85 N. C., 208, cited and approved).

CIVIL ACTION, pending in the Superior Court of BUNCOMBE county, heard at Chambers by *Gudger, Judge,* on December 1st, 1885.

The plaintiff, on the 20th day of May, 1885, in an action before a Justice of the Peace, recovered judgment for $124$\frac{16}{100}$ against the defendant, who appealed, and three days thereafter caused notice thereof to be served as required by law, and paid the fees due the Justice. Soon afterwards, the Justice deposited the papers, proceedings and judgment in the case, with the Clerk of the Superior Court, with the notice of appeal. The Clerk placed them in an envelope, labelled " Appeal from Justice's Court, no fees paid," with other envelopes containing papers of the same kind. No fee was then, nor afterwards, demanded for docketing the cause ; no intimation given that it would not be docketed without ; nor had the defendant any notice or information of the rule adopted by the Clerk, and posted in his office, in which he required prepayment for services to be rendered. The cause was not docketed, through inadvertence of counsel, until two terms of the Court had expired, the business of the Court being such that it could not have been reached if the appeal had been entered in its proper place on the docket ; and as soon as the omission was discovered, and the reason for official inaction known, the fee was paid, and notice served early in October of the appellant's intention to move the Court to order the docketing of the cause.

These facts, based upon affidavits read on the hearing of the defendant's motion, are found by the Judge, and thereupon he ordered that the appeal be entered on the docket, and stand for trial at the next term. To this ruling the plaintiff excepts and appeals.

*Mr. C. A. Moore,* for the plaintiff.
*Mr. M. E. Carter,* for the defendant.

SMITH, C. J. (after stating the facts). It is the duty of the Justice from whose judgment an appeal is taken, to " make a return to the appellate Court, and to file with the Clerk, the papers constituting the cause, within ten days after the service on him of the notice of the appeal," and this was done. The Code, §878.

So, when this is done, the Clerk is required to enter " the case on his trial docket," for trial at the ensuing term. §880.

It will be observed, that while the section which requires the service of the Justice, in perfecting the appeal by transmitting the papers, in express terms, declares that " no Justice shall be bound to make such return, until the fees prescribed by law for this service, be paid him ; " no such provision is made in that relating to the action of the Clerk.

There is, however, a statute relating to all the officers; whose fees are determined and allowed, in the chapter entitled " salaries and fees," in the 2nd vol. of The Code, which provides that in civil suits, except when persons sue as paupers, " no officer shall be *compelled* to perform any service, unless his fee be paid or tendered." The Code, §3758. This clause excuses the refusal to perform any official duty, unless when the demanded fee allowed therefor by law, shall be paid in advance. But obviously, if this be a condition precedent to his acting, it should be made known to the appellant, and an opportunity be given him to make the payment and assure the performance of the required service. The very act of accepting the papers, about which he

is to render the service, in silence, and without a word of explanation, may reasonably be expected to produce the impression that what is necessary, will be done in the matter. The officer is not " *compelled to perform*" the required service, but he may perform it, and dispense with the payment, and if he does not so intend, he should say so at the time, and not presume that the posting of the notice in his office, of an inflexible rule that he had adopted and from which he would not under any circumstances depart, would be known to every one. Had this been said to the Justice, we may well suppose that he would have communicated the fact to the appellant, and she thus would be enabled, by payment of the small sum of fifty cents, to make her appeal effectual. The fault lies largely in the omission of the Clerk to demand his fees when the papers were delivered to him, or afterwards to let the appellant know that the cause would not be put upon the docket until his fee was paid.

DILLARD, J., commenting upon this provision in the statute—but an embodiment of the common law—in a case where a *certiorari* was asked, to bring up a record from the Superior Court, and the Clerk had refused to furnish the transcript, unless his fees were paid, and they were *not* paid, uses these words: "We think then, that the demand of *simultaneous payment* of the fees by the Clerk, was proper in him, and the *plaintiff being notified thereof*, as we are to take it he was, from the fact that he does not negative such knowledge, it was great negligence in him not to pay the fees, or otherwise so to arrange as to have the appeal papers come forward." *Andrews* v. *Whisnant*, 83 N. C., 446, 448.

Without adverting to the provisions of the statute, which prescribe the manner and limit the time within which the successive acts necessary to render an appeal from a justice effectual in reaching the appellate Court, or the circumstances under which relief will be afforded when some of these requirements are not observed, and how far this Court can supervise the action of the Judge in the Court below in giving or withholding such relief,

we must dispose of the present appeal upon another ground. It is taken to action in the cause preliminary to a trial upon its merits, an initiatory step in this direction, involving no right, which, upon exception noted, may not be asserted and made available upon an appeal after final judgment, and therefore has been prematurely and unnecessarily taken. It stands upon the same general ground as a motion to dismiss a pending action which is refused, of which there are numerous cases, and the practice is well settled. *Railroad* v. *Richardson,* 82 N. C., 343, and other cases. In *Spaugh* v. *Boner,* 85 N. C., 208, RUFFIN, J., says : "We have therefore had no difficulty in reaching the conclusion, that the defendant's appeal should have been dismissed on the motion of the plaintiff; but have had serious doubts as to the point whether an appeal would lie from the refusal of the Judge in the Court below to dismiss it." This indicates the disposition of the Court, to disallow appeals from interlocutory rulings, when the alleged errors may as well be corrected upon a final determination of the cause and in a single appeal, so that all the matter in controversy may be settled at once. In this case, if the Court had refused the motion, and this was not an exercise of discretion confided to the Judge, an appeal of the defendant would be entertained, as in a dismissal of the action on motion, because otherwise the party would be, while put out of Court, without remedy. But when the ruling is in the progress of a cause, and its furtherance towards a trial upon its merits, there is no reason why we should be prematurely called on to exercise appellate power at once, as no injury results from the refusal.

"The correct practice," it is said in the opinion from which the extract has been taken, " in case of a refusal of the Court to dismiss the action, (that is, in retaining it, or, applying the rule to the present appeal, putting it on the docket so that it may be tried, and not summarily ended), is to note the exception and proceed with the trial, so that, on the appeal, this Court can have the whole case before it, and make such a decision as may at once dispose of it." The principle governs the present case, and

22

the appeal must be dismissed, and the cause allowed to proceed in the Court below, to which end this will be certified.

Appeal dismissed.