WILLIAMS, BLACK & CO. v. MARY A. WHITING.

### Notice—Mortgage—Decree for a Sale.

1. Where a case has been heard in the Supreme Court, and certified to the Court below to proceed with according to law, no notice is necessary of a motion for judgment in conformity with the certificate. There is no necessity for notice, when the case comes on for trial at a regular term of the Court.

2. Under the terms of a contract to buy land, the vendee was to have the title conveyed to her upon the payment of a certain portion of the purchase money, at a future day, and then execute a mortgage to the vendor to secure the residue, the payment of which was still further deferred. Litigation arose as to the amount which had been paid upon the first instalment, and the demand of the vendor was considerably reduced. *It was held,* that the entire time of credit having expired, the vendor was entitled to a decree of sale, the vendee not tendering the balance of the amount ascertained to be due.

(*Clayton* v. *Jones*, 68 N. C., 497; *University* v. *Lassiter*, 83 N. C., 38; *Stone* v. *Latham*, 68 N. C., 421; *Erwin* v. *Lowery*, 64 N. C., 321, cited and approved).

CIVIL ACTION, heard before *Philips, Judge,* at Fall Term, 1885, of the Superior Court of EDGECOMBE county.

The facts appear in the opinion.

The defendant appealed.

*Messrs. Geo. Howard* and *E. R. Stamps,* for the plaintiffs.
*Messrs. J. L. Bridgers* and *J. J. Martin,* for the defendant.

SMITH, C. J.    Upon the hearing of the former appeal, for a reversal of alleged erroneous rulings upon exceptions to the report of the commissioners, made under an order of reference, 92 N. C., 683, this Court declared that the account rendered "must stand," and directed the rulings to be certified to the Court below, "to the end that judgment be entered, and further proceedings therein had, in accordance with this opinion." At the ensuing Fall Term of the Court of Edgecombe county, the plaintiffs' counsel moved for judgment for the entire debt, and a decree for foreclosure and sale, in order to its discharge.

31

The motion was resisted by defendant's counsel, on two grounds:

I. Because no notice in writing had been given that it would be made—though verbal information of the intention had been communicated by one of the counsel to the other.

II. Because under the contract, when the first five notes, the last maturing on the 31st day of December, 1882, were paid, title was to be made to the defendant, and the premises reconveyed by her to the plaintiff, to secure the two last instalments of the purchase money, and the delay in complying with the terms of the agreement, was caused by the overclaim of the plaintiffs, which was adjusted under the reference.

There was no tender of the balance due on the five earliest maturing notes, nor offer to pay the same into Court. The Court allowed the motion, adjudged to be due the plaintiff the sum of $26,114$\frac{41}{100}$, with interest from the first day of the term at 7 per cent., on $18,630$\frac{56}{100}$, the principal money thereof, and directed a sale of the land, by certain commissioners appointed for the purpose, on certain conditions which, as not affecting the merits of the appeal of the defendant, need not be stated. The sufficiency of the exception to the motion, are alone before us for consideration, and these we now proceed to examine and dispose of.

In our opinion neither exception can be sustained.

I. The judgment was an act done in the progress of the cause, in pursuance of the direction of the appellate Court, and following as a matter of course, the confirmation of the report. Certainly no previous notice of intention to make such a motion is required. A party present in the action by service of process on him, is deemed ready to meet any application, appropriate to the stage of the action reached in its prosecution. *Clayton* v. *Jones,* 68 N. C., 497; *University* v. *Lassiter,* 83 N. C., 38.

Even when §218 of the C. C. P., required five days notice of an application for judgment against a party who had put in a frivolous demurrer, answer or reply, (and this provision is not now found in the correspondent §338 of The Code), it was held

to have been dispensed with by the amendatory legislation, making process in civil actions returnable to the Court in Term time. *Stone* v. *Latham,* 68 N. C., 421; *Clayton* v. *Jones, Supra.*

In *Erwin* v. *Lowery,* 64 N. C., 321, RODMAN, J., referring to the notice, says: "We would be inclined to hold that there is no necessity for notice, when the case comes on regularly for trial, at a term of the Court."

II. The next objection rests upon a clause in the agreement sought to be enforced in the action, by which, in case the five notes first falling due, were paid at maturity, the last of them maturing on December 31st, 1882, the land was to be conveyed to the defendant, and she, at the same time, to mortgage it to the plaintiffs to secure the two notes of $7,500 each, representing the remaining purchase money, with a power of sale in the mortgagees, in the event of any default in respect to them. The appellant's contention is, that the delay in meeting the five notes, was occasioned by the excessive and unjust demands made, the adjustment of which, has rendered the reference necessary, and she insists that the same time, or at least some further time, should be allowed, in which to make provision for the ascertained indebtedness.

But all the notes have now become due, and had the appellant discharged her first obligations, and the conveyance and reconveyance been made accordingly, there would now reside in the mortgagees the right to advertise and sell, which could at once be exercised, and most assuredly the default of the debtor, cannot place her in a better condition than if she had been faithful to her engagement. After this troublesome litigation, ending in an ascertained debt of large amount now overdue, there can be no satisfactory reason for deferring the sale, or ending the present, and compelling the institution of a new suit, to accomplish the same general purpose of subjecting the land, the title to which remains in the plaintiff, to the payment of the purchase money.

The defendant does not offer to pay any money into Court or to the plaintiffs, as a condition of longer delay, and this when her own default has led to the present action.

There is no error, and the judgment must be affirmed. This will be certified for further proceedings in the Superior Court, for the same reasons assigned for this disposition of the cause upon the first appeal.

No error.                                          Affirmed.