STATE v. C. P. WARREN.

*Recordari; practice in granting—§ 907, of The Code—Certiorari—Premature Appeal.*

1. A Justice of the Peace, before whom a warrant for bastardy was returnable at 10 A. M., of his own motion, changed the place of hearing to a point eight miles distant, and in another township, and the hour of hearing to 1 P. M. The relator was not notified of the change of the place of trial until 10 A. M. She protested

against the place selected for the trial, on account of the distance, and because she had no means of riding to it. The roads were in wretched condition, and it rained all day. The Justice, however, went to the place appointed, tried the case, in the absence of relator and the State's witnesses, and discharged the defendant. Upon being notified of the discharge of the defendant, the relator gave the Justice notice of appeal, and he promised her to send up the papers to the next term of Court. He failed to do this, assigning as a reason, that his fees had not been paid. The relator, finding out at Court that the appeal had not been sent up, applied at that term for a writ of *recordari; Held*, that upon these facts, the motion of the relator to put the case on the trial docket was properly granted.

2. Under § 907, of *The Code*, a Justice is not authorized to remove the place of trial of a cause beyond his township.

3. An application for a writ of *recordari*, as a substitute for an appeal, need not contain an averment of merits, when the appeal was lost by the conduct and neglect of the Justice who tried the case.

4. It is not error to grant a writ of *recordari*, as a substitute for an appeal, without requiring security, when the execution is not stayed, and no legal default is imputable to the party seeking the relief. And the writ may be granted *in forma pauperis.*

5. In ordinary cases, when a writ of *certiorari*, as a substitute for an appeal, issues from this Court, an undertaking, as upon appeal, must be given in this Court, or in the Court below; but if the applicant would be entitled in law to appeal *in forma pauperis*, the writ may issue without any undertaking being given.

6. An appeal, from an order of the Superior Court for the docketing of a case brought up from a Justices' Court by *recordari*, is premature, and will be dismissed.

MOTION to docket a bastardy proceeding for trial, upon the return of a writ of *recordari*, heard before *Phillips, J.*, at May Term, 1887, of. DURHAM Superior Court.

The facts appear in the opinion.

*Attorney General* and *Mr. A. W. Graham*, for the State.
*Mr. R. C. Strudwick*, for the defendant.

SMITH, C. J.   One, Belle Graham, having given birth to a

bastard child, the paternity of which she charges upon the defendant, on January 18th, 1887, sued out a warrant against him from Thomas Lipscomb, a Justice of the Peace, in the township of Lebanon, in Durham County, which was returned and came on for trial on the 27th day of the same month. On the affidavit of the defendant, "that he could not get justice before the said Lipscomb," the cause was transmitted to one J. G. Latta, a Justice, within the same township, to be taken up and tried at the hour of 10 a. m. on Saturday two days thereafter. The parties appeared before him accordingly, the mother of the child, accompanied by her father, Richard Graham, when she was informed by the justice that the trial had been removed to Durham, outside the limits of Lebanon Township, and would be taken up and disposed of at 1 o'clock of the same day. Against this removal the said Richard, who was one of the witnesses in support of his daughter's evidence, warmly protested, declaring that it would be impossible for them to appear at Durham in that short interval; and that if said Latta persisted in his purpose, and sent the case beyond the township limits and there decided against her, with his knowledge of their inability to be present, she desired an appeal to the Superior Court. When this transpired it had been raining, and, after a short cessation, the rain began again to fall, and so continued to do throughout the day.

Durham was seven or eight miles distant, the road leading thereto "in a wretched condition," and the complainants were without means of transportation of their own, or money to procure it. These considerations did not influence the Justice, who, with the defendant, proceeded to Durham and there associating another Justice with him, proceeded in the absence of the other party, to hear and determine the action against the relator, and discharged the defendant. On the 31st of the month of January, she, hearing what had been done, gave Latta notice of her appeal and requested him,.

and he so promised, to send up the papers to the next term of the Superior Court. The papers were not transmitted, but on the 2d Monday of March, the first day of the next term of the said Court, she learned that the excuse made for such neglect was the non-payment of the fee of thirty cents, to which the said Justice was entitled.

These facts were found by the Judge, and are the basis upon which application was made and allowed for the issue of the writ of *recordari,* at that term, which came on to be heard at May Term, following, upon the defendant's motion to dismiss the proceedings, which was disallowed, and the relator's motion to order the cause to be put upon the trial docket, which was granted, when the defendant appealed.

The irregular and unauthorized action of the Justice, in removing the place of trial beyond the limits of his township, in disregard of the provisions of the statute, *The Code,* § 907, and in the face of such considerations as were brought to bear upon his judgment, and such knowledge as he himself had of the inconveniences and difficulties of so early a hearing, and at a point so difficult to reach on foot, savors very little of a disposition to have a fair and impartial trial of the charge against the defendant, and fully entitles the relator, or the State, to the relief sought and awarded in the Superior Court.

The appellant here assigns as error, in the award of the writ to bring the record up to the Superior Court, that it issued in the absence of an averment of merit in the application. The answer to this objection is obvious. The controversy was *one of fact,* in respect to the paternity of the child, the testimony being in conflict. And this appears in the statement of the case itself. But here, it was not necessary to show a ground of action, as in cases of applications to this Court for the analogous writ of *certiorari,* under numerous rulings, since the *appeal was lost by the conduct and neglect of the Justice,* and his disregard of his promise to

transmit the necessary papers on appeal to the Superior·
Court, as is held in *Collins* v. *Nall*, 3 Dev., 224.

It is further objected, that a second undertaking is required,.
and the Court had no power to dispense with it, and allow·
the proceeding to be further prosecuted *in forma pauperis.*

But the suit originating before a Justice of .the Peace, an
appeal may be taken without security, unless when further·
action in enforcing the judgment is to be restrained; and the·
same principle governs when the writ is asked, as a substi-
tute for the an appeal lost, with no legal default *imputable* to
the party seeking the relief. *Estes* v. *Hairston*, 1 Dev., 354 ;.
*Brittain* v. *Mull*, 93 N. C., 490.

But, in ordinary cases, where the writ of *certiorari* issues·
from this Court, the undertaking, as on appeal, may be given
in the Court below, or it may be dispensed with, when it·
would not have been required at the taking of the appeal,.
under circumstances allowing it to be done *in forma pauperis.*
*Stell* v. *Barham*, 86 N. C., 727 ; *Lindsay* v. *Moore*, 83 N. C.,
444.

While, then, we see no error in the conduct of the Court·
below, in the particulars specified, we think the proceeding
had not so far progressed as to warrant the interruption
caused by the appeal, and the appeal must, consequently, be·
dismissed.

In *Spaugh* v. *Boner*, 85 N. C., 208, RUFFIN. J., speaking for
the Court, expressed "serious doubts as to the point, whether·
an appeal would lie from the refusal of the Judge in the
Court below to dismiss it," an appeal returned by a Justice
in a case where the judgment was by default, and notice of
appeal had not been given within the prescribed time.

In *West* v. *Reynolds*, 94 N. C., 333, it is said, "that where
the ruling complained of is made in the progress of a cause,.
and its furtherance towards a trial upon its. merits, there is·
no reason why we should be prematurely called on to exer-

·cisè·appellate power at once, as no injury results from the ·refusal."

It is needless to multiply authorities upon the point, for ·the practice has been fully established, and is again declared .at this term in *Davis* v. *Ely, ante* 283.

There was no occasion for the present appeal, and it must ·be. dismissed.

Appeal dismissed.