V. BALLARD et al. v. WALTER GAY et al.

*Dismissing Appeal—Justice of the Peace—Practice.*

When defendant's appeal from a Justice of the Peace dismissed in the Superior Court for default in prosecuting it, had been, on his counsel's motion, reinstated, the plaintiff moved to dismiss thereupon for defendant's failure to cause it to be docketed at the term next succeeding the rendition of the judgment, such appearing to be the fact, and it further appearing that the defendant had notice that the Clerk would not docket his appeal until his fees were paid, there was no error in the judgment of the Court that the appeal ought then to be dismissed.

This was a MOTION to dismiss an appeal.from the Court of a Justice of the Peace, heard at October Term, 1890, of the Superior Court of DURHAM County, before *MacRae, J.*

The facts are stated in the opinion.

*Messrs. W. W. Fuller* and *F. L. Fuller*, for plaintiffs.
*Mr. J. S. Manning*, for defendants.

AVERY, J.: The Judge below heard, at the October Term of the Court, two motions. First, upon motion of the defendants, supported by numerous affidavits, he ordered that a judgment by default, entered against them at the previous June Term, be vacated on the ground that the failure to enter an appearance at last named term was excusable neglect. So soon as the appeal was reinstated upon the docket by this judgment, and counsel had appeared for defendants, the plaintiffs moved the Court to dismiss the appeal for failure of the defendants to cause it to be docketed before the term of the Superior Court next after the trial in the Court of the Justice of the Peace.

The plain purpose of the Legislature, as manifested in the statute (*The Code*, § 565), was to expedite the disposition of

appeals from the Courts of Justices of the Peace, by providing that they should stand for trial *de novo* on the dockets of the Superior Courts at the first term after the appeal should be taken; that if both parties should appear, judgment should be rendered against the party cast, and that where the defendant should make default, the judgment in certain classes of cases should be final, and in other actions by default and inquiry "to be executed forthwith by a jury." This section was subsequently so amended (Laws of 1889, ch. 443) that where the party appealing should fail to cause his appeal to be docketed before the next term of the Superior Court, the opposing party should have the right to procure a transcript of the Justice's record, docket it and move to dismiss the appeal at said term. The amendment seems to have been enacted in furtherance of the same purpose to prevent unnecessary delay in disposing of those causes involving small amounts.

The case was tried before the Justice on the 26th of October, 1889, and his return was handed to the Clerk October 26th. The next term of the Superior Court was held in January following. The defendants neglected to pay the Clerk's fees for docketing until after that term, and consequently the appeal was not entered on the docket until the March Term, 1890. Just after handing the transcript to the Clerk—on the same day—the Justice of the Peace told the defendants that the Clerk would not docket the appeal unless they should pay his fees. The Clerk had the right, even under the common law, as he has under the statute (*The Code*, § 3758), to demand his fees in advance. *West* v. *Reynolds*, 94 N. C., 333; *Clerk* v. *Wagoner*, 4 Ired., 131; *Andrews* v. *Whisnant*, 83 N. C., 446; *Long* v. *Walker*, 105 N. C., 97; *Martin* v. *Chasteen*, 75 N. C., 96. The Clerk followed the suggestion of this Court made in *West* v. *Reynolds*, *supra*, in notifying the Justice of the Peace that he would

108—35

not enter the case upon the docket until his fees should be paid, and the latter told the defendants on the same day of the Clerk's demand and · purpose. Both the original provision of *The Code* and the amendatory statute indicate an intent on the part of the Legislature to require litigants to be diligent in prosecuting appeals from Justices of the Peace. The purpose seems to have been to prevent parties from using their right to a new trial in an intermediate *nisi prius* court as a means of causing useless delay, and subjecting the successful party, meantime, to the risk of losing the fruits of his victory. The plaintiffs might have docketed and dismissed the appeal at the January term under the Act of 1889. When it was entered by the Clerk at the instance of the defendants at the next succeeding term, the plaintiff, seeing that counsel had not entered an appearance, elected to ask for a judgment by default, instead of moving to dismiss. When the Court subsequently declared that the failure to appear was excusable negligence, the reinstated case stood upon the docket subject to the right of the plaintiffs to move to dismiss *then*, just as they could have substituted that motion· for the demand for judgment by default at the previous term. After the judgment had been vacated and the parties were appearing before the Court by counsel, the status of both in the Court was the same as if the judgment by default had never been entered at all. There was no error in the judgment in dismissing the appeal, and, as that was a final disposition of the case, it was subject to review in this Court.

No error.