STATE AND ALICE WELLS v. P. P. alias PLUMMER JOHNSON.

*Appeal—Practice.*

1. Where one enters a special appearance and moves to dismiss, and excepts to the refusal of the motion, his subsequent general appearance does not waive the original defects.

2. In an appeal from a Justice of the Peace to the Superior Court, notice must be served by an officer (unless service is accepted or the appeal is taken at the trial,) and within ten days both upon the Justice who tried the case and upon the appellee, and upon failure to give such notice, unless the Judge, in his discretion, permits the notice to be given at the trial, the appeal should be dismissed.

PROCEEDING in bastardy, tried upon appeal from a Justice of the Peace, before *Boykin, J.,* at August Term, 1891, of DUPLIN Superior Court.

When the case was called for trial, the defendant moved to dismiss the appeal for want of notice to him. Upon said motion his Honor found the following facts:

That the proceeding was instituted before a Justice of the Peace of Duplin County, and was tried before him on the 4th day of March, 1891; that upon said trial the defendant was acquitted and judgment rendered in his favor; that no notice of appeal was given at trial; that on the 10th day of March, 1891, the complainant, Alice Wells, served written notice of appeal on the Justice who tried the case; that a notice of appeal signed by the complainant was handed to the defendant by a negro man, not a party and not an officer, between the 4th day of March and the said August Term, 1891; that shortly after the said 4th day of March, 1891, a notice corresponding with the said description was in possession of one of the defendant's attorneys, and said attorney admitted that said notice had been sent to him, by mail, by the defendant.

The defendant was present in Court with all his witnesses, who had been duly subpœnaed.

Upon the above facts, his Honor held that the defendant had sufficient notice of the appeal, and overruled the motion, and the defendant excepted.

There was a verdict and judgment against the defendant, from which latter he appealed.

*The Attorney General,* for the State.
*Mr. W. R. Allen,* for defendant.

CLARK, J.: The Court having refused the motion to dismiss, the defendant pursued the proper course in having his exception noted " to save his rights," and proceeding with the trial. *Spaugh* v. *Boner,* 85 N. C., 208. The final judgment being against him, the appeal now brings up the exception for review. The subsequent general appearance for the purposes of the trial did not waive his exception for the refusal to dismiss. *Suiter* v. *Brittle,* 90 N. C., 20.

On the facts found, his Honor erred in finding that there was sufficient service. The statute requires (unless the appeal shall be taken at the trial) that notice of appeal shall be served in ten days after judgment. As has been said, the burden is on appellant to show service within the prescribed time. *Finlayson* v. *Am. Accident Co.,* at this term; *Spaugh* v. *Boner,* 85 N. C., 208; *Sparrow* v. *Trustees,* 77 N. C., 35. The facts found do not show any service on defendant within that time, and the attempted service by one not an officer, "between March 4 and August Term," was not only too late, but was not legal service of a notice required by *The Code,* § 597. A *subpœna* may be served by any person not a party to the action, and proven by his oath (*The Code,* § 597 (4) ), but the exception serves to prove the rule that service must be made by an officer, unless service is accepted. If the service of a notice is not legally made, service in any other mode is void.

*Allen* v. *Strickland,* 100 N. C., 225.   The fact that defendant's counsel had, soon after March 4, a notice sent him by the defendant, is not only indefinite as to time, but seems explained by the other evidence that such a paper had been handed defendant by one not an officer.   The requirement of service by an officer is not only statutory but reasonable, as it prevents disputes like this, as to whether there has been service or not, as is likewise the requirement that service must be within ten days, for a party should not be indefinitely held in suspense, but should know when the matter is at an end.   Any hardship which might, under any circumstances, be entailed on an appellant by failure to serve notice in a legal manner and within the statutory time, is removed by the discretion reposed in the appellate Court to permit notice to be given after that time.   *Marsh* v. *Cohen,* 68 N. C., 283; *Railroad* v. *Richardson,* 82 N. C., 343; *West* v. *Reynolds,* 94 N. C., 333. It seems there were not such circumstances in this case, as the Court did not put an end to the controversy by permitting · the notice to be given then and there, as it might have done.

It is, however, contended that notice having been served on the Justice, no notice to appellee was required.   We have an express decision to the contrary (*Green* v. *Hobgood,* 74 N. C., 234), which is recognized in principle by *Marsh* v. *Cohen* and *Railroad* v. *Richardson, supra,* and *Richardson* v. *Debnam,* 75 N. C., 390.   Besides, both the reason of the thing and a reasonable construction of the statute support this view.   The notice to the Justice is to send up the papers and transcript, the notice to the appellee is to have his witnesses and be ready for trial, as the cause stands for trial at the first term of the Superior Court.   *The Code,* §§ 565, 880; Superior Court Rule, 24.   The statute (*The Code,* § 876) requires service of notice of appeal within ten days, but nowhere provides directly on whom it may be served, except that, inferentially, it recognizes in the next section that it should be on both the Justice and the appellee, as it provides that when the appeal is taken at the trial and the adverse party is pres-

ent, the appellant is not required to give written notice "either to the Justice or to the adverse party." It would be unreasonable to fasten upon every party who gains a cause in a Magistrate's court the duty of enquiring or watching out if an appeal may not be sent up. When the appellant does not crave an appeal at the trial he should, at least, give the opposite party notice, and must do so within ten days, except that when process is not personally served and defendant does not appear and answer, he can serve notice of appeal in fifteen days after notice of rendition of judgment. *The Code*, § 876. A party in Court is fixed with notice of all orders and decrees taken at term, for it is his duty to be there in person or by attorney (*Clayton* v. *Jones*, 68 N. C., 497); but he is not held to have notice of orders out of term (*Hemphill* v. *Moore*, 104 N. C., 379; *Branch* v. *Walker*, 92 N. C., 87; *The Code*, § 546); nor of orders before the Clerk, *Blue* v. *Blue*, 79 N. C., 69. The same rule applies to appeals from the Superior Court, as to which, if the appeal is taken after the term is over, notice must be served on the appellee and within ten days. *The Code*, § 549, as amended by Acts of 1889, ch. 161.

There having been no service of notice of appeal, as required by statute, upon defendant within ten days, and his Honor not having exercised his discretionary power to relieve the appellant of the consequences and to permit notice to be given at the trial, there was error in refusing the motion to dismiss. The power to relieve from the failure to give due and proper notice of appeal is vested in the wise discretion of the presiding Judge, and should only be exercised when there are facts and circumstances which would make it a hardship on the appellant not to permit it to be done. The policy of legislation and of the Courts is to " require litigants to be diligent in prosecuting appeals from Justices of the Peace, and to prevent parties from using " such " as a means of causing useless delay." AVERY, J., in *Ballard* v. *Gay*, 108 N. C., 544.

Let this be certified, that the appeal from the Justice may be dismissed in the Superior Court.          Error.