LOVE v. LOVE.

(Filed October 24, 1905).

*Executors and Administrators—Sale for Assets—Appeals—Duty of Appellants.*

1. In a proceeding by an administrator to sell land for assets, the clerk made an order of sale in February, 1897, and upon the clerk's minutes appears an entry of appeal by defendants (heirs at law). The land was sold in April, and sale confirmed in May, 1897, and the cause appears for the first time on civil issue docket at January term, 1899, *held*, that a judgment declaring the sale void, pending the appeal, and directing a re-sale, was error, as the appeal was abandoned.

2. Merely craving an appeal is not *taking* an appeal. An appellant must look after his case and see that his appeal is made effectual.

LOVE *v.* LOVE.

ACTION by C. C. Love, Administrator of C. C. Love, Sr., against Rosanna Love and others, heard by *Judge Walter H. Neal,* at the August Term, 1905, of the Superior Court of UNION County.

This is a proceeding brought by the plaintiff as administrator, against the widow and distributees for a settlement of his final account. The cause was referred to a referee; exceptions were filed to his report, and from the judgment rendered, plaintiff appealed.

*Redwine & Stack* for the plaintiff.
*Adams, Jerome & Armfield* for the defendants.

BROWN, J. Upon the coming in of the report several exceptions were filed by plaintiff, all of which were overruled by His Honor, except exceptions five and nine. As there is no ninth exception His Honor evidently intended to sustain the fifth and eighth exceptions, relating to the taxation of costs and witness fees. After a careful investigation of the record, we affirm the judgment pronounced by the court below except as to the first and second exceptions, to conclusions of law, whereby the sale of the land is set aside, and a new sale ordered. It appeared that on January 5, 1897, the plaintiff, as administrator, filed a petition to sell the land of his intestate for assets. The heirs at law answered and demanded a statement of an account "showing the nature and character of the indebtedness alleged." This account the clerk proceeded to take. On February 27, 1897, the clerk made an order authorizing the administrator to sell the land described in the petition for assets, subject to the widow's dower. Upon the clerk's minutes or notes of the evidence and proceedings before him appear these words: "Judgment. Appeal by defendant."

The clerk certifies to us upon *certiorari* that the said cause appears for the first time on the civil issue docket at January

Term, 1899. Notwithstanding the entry of appeal, the administrator sold the land on April 5, 1897, and a decree of confirmation was entered May 14, 1897. His Honor held that the sale was void pending the appeal and directed a resale. In this there was error. Had the appeal been properly prosecuted, we would agree with His Honor and the able referee (Mr. Armfield), who tried this case. We think the appeal was abandoned, whether intentionally or not.

This case differs materially from *Lictie v. Chappell,* 111 N. C., 347, upon which the defendants rely. Merely craving an appeal is not *taking* an appeal. The appellant must look after his case and see that his appeal is made effectual. If the clerk fail to forward the case to the judge, or docket it upon the regular civil issue docket (according to the character of the case), it was the appellant's duty in apt time to apply for the proper order to compel him to do so. This appeal was taken in February, 1897. The appeal was not docketed until January, 1899—nearly two years thereafter. In the meantime the plaintiff had suffered the land to be sold and a decree of confirmation entered. An appellant who merely prays an appeal and files his bond, is not relieved of further care in respect to his appeal. He must see that it is brought to a hearing. *Wilson v. Seagle,* 84 N. C., 110; *Blair v. Coakley,* 136 N. C., 409.

The affidavit of Mr. Adams, returned to us along with the clerk's response to the *certiorari,* cannot be considered by us.

Had it been presented to the judge of the Superior Court in due season, he would doubtless have required the appeal to be docketed.

For these reasons we think the sale to Long should stand, and the administrator be charged with the proceeds. The judgment of the court below in that respect is reversed, and the cause remanded to the end that a decree may be entered in accordance with this opinion.

Reversed.