B. I. TEDDER, ADMINISTRATOR, v. R. L. DEATON.

(Filed 2 December, 1914.)

1. **Justice's Courts—Appeal—Docketing Transcript—Interpretation of Statutes.**

   An appeal from a justice's court not docketed in the Superior Court by the term thereof required by the statute is properly dismissed.

2. **Justice's Courts—Appeal—Recordari—Laches—Findings of Fact—Appeal and Error—Court's Discretion.**

   Where, upon application to the Superior Court for a writ of *recordari* to issue to a court of a justice of the peace to bring up an appeal, the judge finds as facts, upon evidence, that the appellant has been guilty of laches in not giving the legal notice of appeal (Revisal, secs. 1491, 1492) and otherwise neglectful in failing to look after his appeal, and refuses to grant the writ, his judgment will not be disturbed in the Supreme Court; and it is *Held*, that praying for the appeal and the payment of the fees in the justice's court by the appellant are not, in themselves, sufficient to entitle him to the order, as a matter of right, or to take the matter out of the discretion of the trial judge.

APPEAL by defendant from *Harding, J.,* at April Term, 1914, of MONTGOMERY.

This was an application for *recordari* and *supersedeas,* heard at chambers on 16 April, 1914.

Plaintiff recovered three judgments against defendant before O. C. Bruton, a justice of the peace: one for $100, on 8 December, 1913; another for $131.25, on 19 February, 1914; and the last one for $75, on the same day. The summons in each case was duly served and the trials proceeded regularly, though the defendant was not present. He attempted to appeal, but did not give notice thereof as required by Revisal, secs. 1491, 1492. The papers in the first case were docketed, not at the next (January) term of the Superior Court, but after the said term. He afterwards applied for this *recordari* in all the causes, and the judge found the foregoing facts, and further, that defendant had been guilty of laches, and was negligent as to all three cases. He thereupon dismissed the first case, which had been docketed, and refused to allow the other two to be docketed. Defendant appealed.

*R. T. Poole for plaintiff.*
*W. A. Cochran for defendant.*

WALKER, J., after stating the case: We do not perceive any valid ground upon which the defendant can ask a reversal of the judgment. The court found that he had been guilty of negligence in looking after his appeals, had failed to serve the proper, or legal, notices of his appeal in each of the cases, and this finding as to his carelessness and indiffer-

TEDDER *v.* DEATON.

ence to his interests is well supported by the evidence. A party who wishes to review the judgment against him cannot afford to be passive or idle. He must be active and vigilant, and see that the successive steps are taken to perfect his appeal. *Love v. Love,* 139 N. C., 363; *Blair v. Coakley,* 136 N. C., 409. His prayer for an appeal, if duly made, is not sufficient, for he cannot stop there and leave the case to take care of itself. *Wilson v. Seagle,* 84 N. C., 110. Payment of fees is not sufficient. *MacKenzie v. Development Co.,* 151 N. C., 276. He must be attentive to his case during its progress, and especially when put on notice that such attention is required. *Abell v. Power Co.,* 159 N. C., 348. When defendant is personally served with the summons, he is fixed with constructive knowledge of the ensuing judgment (*Spaugh v. Boner,* 85 N. C., 208; *McDaniel v. Walker,* 76 N. C., 399; *Sparrow v. Davidson College,* 77 N. C., 35), and this knowledge requires him, within the time required by law, unless he has reasonable excuse for delay, to serve his notice of appeal and to see that his case is duly docketed. *Spaugh v. Boner, supra; S. v. Johnson,* 109 N. C., 852; *Clark v. Mfg. Co.,* 110 N. C., 111; Revisal, sec. 1491. He should not rely upon a liberal exercise of the discretion of the appellate court, when his appeal is from a justice of the peace, to condone his negligent act in failing to comply with the plain directions of the law in regard to notice, as he may fail to secure it. He should start with promptness and proceed with diligence and care in preserving his right of appeal and safeguarding his interests. *S. v. Johnson, supra.* Defendant is required to bestow the same degree of care upon his case in court as a man of ordinary prudence does upon his important affairs.

The appeal in the first case was properly dismissed, as it was not docketed at the first term to which it was returnable. *Davenport v. Grissom,* 113 N. C., 38; *Abell v. Power Co.,* 159 N. C., 348, and cases cited. In respect to the other cases, the order was also proper, because defendant had been grossly negligent, and the court, therefore, did not regard his prayer for the favorable exercise of its discretion with any favor, although it probably would have been so exercised if the application of the defendant had been meritorious. *Davenport v. Grissom, supra.*

There was no error in the proceedings below.

No error.